# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREA WEINSTEIN, on behalf of herself and those
similarly situated,

ECF Case

Plaintiff,

Jury Trial Demanded

– against –

EBAY, INC., STUBHUB, INC., NEW YORK
YANKEE PARTNERSHIP AND JOHN DOE,

Defendants.

**AMENDED CLASS ACTION
COMPLAINT**

Case #: 10-cv-8310 (JFK)

The Plaintiff, by and through her undersigned attorneys, alleges upon knowledge as to
herself and her own acts, and as to all other matters upon information and belief, and brings this
Complaint against the above-named Defendants, and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1.      This class action seeks relief for Defendants' violation of Article 25 of New York
State's Arts and Cultural Affairs Law ("ACAL") and New York General Business Law § 349
("GBL § 349"). The Defendant, StubHub Inc., maintains a website that allows unlicensed ticket
resellers to anonymously sell tickets to New York Yankees' baseball games on the secondary
ticket market without disclosing the established price (*i.e.*, face value) of the ticket or the identity
of the seller at the time of sale. Moreover, StubHub reissues New York Yankees' tickets on the
secondary market without printing the established price on each ticket.

2.      The Plaintiff asserts that the Defendants' activities related to the resale of tickets
to New York Yankees' games on the secondary ticket market are prohibited by ACAL Article 25
and GBL § 349.

1

## JURISDICTION

3.     Diversity subject matter jurisdiction exists over this class-action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2,119 Stat. 4 ("CAFA"), amending 28 USC §1332, at new subsection (d), conferring federal jurisdiction over class actions involving (a) 100 or more members in the proposed Class; (b) at least some members of the proposed class have different citizenship from some Defendants and (c) the claims of the proposed class members exceed the sum or value five million dollars ($5,000,000) in the aggregate. 28 U.S.C. §1332(d)(2) and (6). The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## PARTIES

5.     The Plaintiff, Andrea Weinstein, is a natural person residing in Bronx County, New York.

6.     The Defendant, eBay, Inc. ("eBay") is a Delaware corporation licensed to do business in the New York. eBay's principal place of business is located at 2145 Hamilton Ave., San Jose, California 95125. eBay's registered agent in New York is c/o National Registered Agents, Inc., 875 Avenue of the Americas, Suite 501, New York, New York 10001.

7.     The Defendant, StubHub, Inc. ("StubHub"), is a Delaware corporation licensed to business in New York. StubHub's principal place of business is located at 2145 Hamilton Ave., San Jose, California 95125. StubHub's registered agent in New York is c/o National Registered Agents, Inc., 875 Avenue of the Americas, Suite 501, New York, New York 10001.

2

8.      The Defendant, New York Yankees Partnership (the "Yankees"), is an Ohio limited partnership licensed to do business in the State of New York with a principal place of business located at Yankee Stadium, Bronx, New York 10451. The Yankees own and operate the New York Yankees baseball team.

9.      John Doe is an unknown person who sold the Plaintiff the tickets that are the subject of this Complaint.

## FACTUAL ALLEGATIONS

10.     Based upon information and belief, Ticketmaster Entertainment, Inc. ("Ticketmaster") is the Yankees' exclusive primary ticket agent for the sale of all tickets to Yankees' games.

11.     Based upon information and belief, in 2007, StubHub, the Yankees and Major League Baseball ("MLB") signed an agreement making StubHub the exclusive secondary ticket reseller for MLB and the Yankees.

12.     Based upon information and belief, as a result of their exclusive agreement with MLB and the Yankees, StubHub has the ability to cancel the bar code on the paper ticket issued by Ticketmaster in the primary market and reissue that ticket electronically (although printable) on the secondary market.

13.     Based upon information and belief, Ticketmaster and StubHub are the only two companies that have the ability to cancel primary Yankees' tickets and reissue those tickets electronically on the secondary market.

3

*New York Law Regarding Tickets to Places of Entertainment Located in New York.*

14.     The State of New York first enacted legislation governing ticket[1] sales to places of entertainment[2] located in New York in 1922 as Article 10-B of the General Business Law ("GBL") (L.1922, c.590).[3]

15.     The 1922 law prevented a ticket reseller[4] from marking up a ticket more than 50 cents.

16.     The purpose of the 1922 law was to eliminate "gross profiteering" by "ticket scalpers" and to safeguard the public against "fraud, extortion, exorbitant rates and similar abuses".

17.     In 1983, GBL Article 26 was repealed and reenacted as Article 25 of the Arts and Cultural Affairs Law ("ACAL").

18.     In 1991, the New York legislature repealed ACAL, Article 25, entitled, "Theatre Tickets" and reenacted many of the same provisions, some significant new provisions and a revised penalty scheme, as a new Article 25, entitled "Tickets to Places of Entertainment." (L. 1991 c. 704).

19.     ACAL § 25.13 requires the licensure of ticket brokers but provides an exemption for internet websites such as eBay and StubHub.

---

[1]     Currently, the term "Ticket" is defined in ACAL § 25.03(9) as "any evidence of the right of entry to a place of entertainment."

[2]     Currently, the term "Entertainment" is defined in ACAL § 25.03(1) as "all forms of entertainment including, but not limited to, theatrical or operatic performances ..."

[3]     Effective September 1, 1974, GBL Article 10-B was redesignated as GBL Article 10-C and was subsequently redesignated as GBL Article 26.

[4]     Currently, the term "Resale" is defined in ACAL § 25.03(8) as:

        [A]ny sale of a ticket for entrance to a place of entertainment located within the boundaries of the state of New York other than a sale by the operator or the operator's agent who is expressly authorized to make first sales of such tickets.

4

20. Based upon information and belief, after ACAL Article 25 was amended in 2005, the operators of secondary ticket websites such as StubHub saw their revenues explode as they were able to provide a platform to allow unlicensed ticket resellers to anonymously sell tickets without complying with any of ACAL Article 25's requirements.

21. Based upon information and belief, eBay's revenue growth from ticket sales did not compare to StubHub's because eBay's website discloses the online identity of sellers and their prior sales transaction history on eBay, making ticket brokers more readily identifiable.

22. Based upon information and belief, the operators of eBay realized that they could not compete in the secondary ticket market unless they were able to provide a platform to allow unlicensed ticket resellers to anonymously sell tickets without complying with ACAL Article 25.

23. Based upon information and belief, the operators of eBay also realized that they could not change the format of eBay to allow anonymous ticket resales as that would have subjected eBay to scrutiny by consumers and government regulators.

24. Based upon information and belief, the operators of eBay decided that the most profitable way for them to compete in the secondary ticket market was to acquire a company that provided a platform to allow ticket resellers to anonymously sell tickets on the secondary market.

25. On January 10, 2007, eBay announced in a press release that they were acquiring StubHub for $310 million.

26. Based upon information and belief, in 2006, StubHub had annual revenues of close to $100 million, and earnings of about $10 million.

27. On May 31, 2007, Governor Eliot Spitzer signed into law a bill that completely repealed the Maximum Premium Price provisions of Article 25 which had existed in some form since ticket resale legislation was first enacted in 1922 (L. 2007, c. 61).

5

## *Plaintiff Purchases Tickets to a Yankees Game.*

28. On or about June 14, 2010, the Plaintiff sought to purchase six tickets to the July 25, 2010 game between the Kansas City Royals and the New York Yankees at Yankee Stadium in the Bronx.

29. The Plaintiff went to the URL Yankees.com and through a hyperlink was led to the URL StubHub.com.

30. The Plaintiff ultimately purchased the tickets from John Doe for the Grandstand Outfield, Section 426, Row 5 and paid \$33 for each ticket (the "Tickets"). In addition, the Plaintiff paid a service fee of \$19.80 and a eDelivery service fee of \$4.95

31. In total, the Plaintiff paid \$222.75 for the Tickets.

32. The electronic Tickets the Plaintiff received from StubHub do not disclose their established price or final auction price as required by ACAL § 25.07. (A copy of one of the Tickets is attached as Exhibit "A").

33. Based upon information and belief, the established price for Grandstand Outfield Section 426, Row 5 for the 2010 Yankees season was \$20 per ticket.

34. Based upon information and belief, John Doe is engaged in the resale of tickets to places of entertainment located in New York, including Yankees' games.

35. Based upon information and belief, John Doe is not licensed to engage in the resale of tickets to places of entertainment located in New York.

36. Based upon information and belief, StubHub operates as an anonymous marketplace because the Defendants do not want consumers to know the established price for Yankees' tickets at the time of sale on the secondary market because providing that that information would likely lead to lower ticket prices and lower revenues.

6

37. Based upon information and belief, StubHub operates as an anonymous marketplace because eBay does not want consumers to know the identity of ticket sellers at the time of sale on the secondary market because providing that that information would likely lead to lower ticket prices and lower revenues.

38. Based upon information and belief, StubHub removes the established price for Yankees' tickets because the Defendants do not want consumers to know the established price of tickets when those tickets are sold on the secondary market because providing that information would likely lead to lower ticket prices and lower revenues.

## CLASS ALLEGATIONS

39. The Plaintiff brings this action as a class action on behalf of herself and all others similarly situated for the purpose of asserting the claims alleged in this Complaint on a common basis. The Plaintiff's proposed class (hereinafter the "Class") is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(2) and (3), and she proposes to act as a representative of the following class comprised of:

**All persons, exclusive of the Defendants and their employees, who purchased tickets to a New York Yankees game on StubHub.com from November 3, 2007 through such time in the future when the effects of the Defendants' violation of ACAL Article 25, as alleged herein have ceased.**

40. The Plaintiff's proposed subclass (hereinafter the "Subclass") is defined under Fed. R. Civ. P. 23(b)(2) and (3), and she proposes to act as a representative of the following Subclass comprised of:

**All persons, exclusive of the Defendants and their employees, who purchased tickets to a New York Yankees game on StubHub.com and who received the tickets electronically from November 3, 2007 through such time in the future when the effects of the Defendants' violation of ACAL Article 25, as alleged herein have ceased.**

7

41. The Plaintiff does not know the exact size or identities of members of the proposed Class or Subclass, since such information is in the exclusive control of the Defendants. The Plaintiff believes that the Class and Subclass encompass millions of individuals whose identities can be readily ascertained from Defendants' books and records. Thus, the proposed Class and Subclass are so numerous that joinder of all members is impracticable.

42. Based on the Defendants' revenue, the Plaintiff believes the amount in controversy exceeds $5 million.

43. All members of the Class and Subclass have been subject to and affected by the same conduct.

44. The claims are based on the same violations of ACAL Article 25 and GBL § 349.

45. There are questions of law and fact that are common to the Class and the Subclass and predominate over any questions affecting only individual members of the Class and Subclass. These questions include, but are not limited to the following:

- a) Whether StubHub intentionally aides unlicensed ticket resellers to engage in the resale of tickets to Yankees' games;

- b) Whether StubHub intentionally aides licensed and/or unlicensed ticket resellers violate ACAL § 25.23 by not disclosing the established price for Yankees' tickets at the time of sale;

- c) Whether StubHub is required to disclose the identity of the seller of Yankees' tickets at the time of the sale;

- d) Whether eBay, StubHub and/or the Yankees' conduct described herein constitutes a deceptive act and practice in violation of GBL § 349;

- e) Whether StubHub is required to disclose the established price of tickets at the time of sale;

- f) Whether StubHub and/or the Yankees are required to print or endorse the established price on the face of each ticket that StubHub reissues electronically on the secondary market;

8

46.     The claims of the individual named Plaintiff is typical of the claims of the Class

and Subclass and do not conflict with the interests of any other members of the class in that both

the Plaintiff and the other members of the Class and Subclass were subjected to the same

conduct.

47.     The individual named Plaintiff will fairly and adequately represent the interests of

the Class and the Subclass. She is committed to the vigorous prosecution of the Class and the

Subclass' claims and has retained attorneys who are qualified to pursue this litigation and has

experience in class actions – in particular, consumer protection actions.

48.     A class action is superior to other methods for the fast and efficient adjudication

of this controversy. A class action regarding the issues in this case does not create any problems

of manageability.

### *COUNT I*
### *(VIOLATION OF ACAL SECTION 25)*
### *(against eBay, StubHub and the Yankees)*

49.     The Plaintiff restates and reiterates herein all previous paragraphs.

50.     ACAL § 25.07 titled "Ticket Prices" provides:

Every operator of a place of entertainment shall, if a price be charged for
admission thereto, print or endorse on the face of each such ticket the established
price, or the final auction price if such ticket was sold or resold by auction
through the operator or its agent.

51.     ACAL § 25.13 requires the licensure of persons and entities engaged in the

business of reselling tickets to places of entertainment located in New York.

52.     ACAL § 25.23 requires a ticket reseller to post the face value or a hyperlink to the

face value on their website if they are doing business through the use of the internet.

9

53.   ACAL § 25.33 titled "Private right of action" provides:

Notwithstanding any right of action granted to any governmental body pursuant to
this chapter, any person who has been injured by reason of a violation of this
article may bring an action in his or her own name to enjoin such unlawful act, an
action to recover his or her actual damages or fifty dollars, whichever is greater,
or both such actions. The court may award reasonable attorney's fees to a
prevailing plaintiff.

54.   Based upon information and belief, John Doe is engaged in the resale of tickets to
places of entertainment located in New York and is required to be licensed pursuant to ACAL §
25.13.

55.   Based upon information and belief, John Doe is not licensed as required by
ACAL § 25.13.

56.   StubHub intentionally aids unlicensed ticket resellers violate ACAL § 25.09 by
providing an anonymous platform for those unlicensed ticket resellers to sell Yankees' tickets on
the secondary market.

57.   StubHub intentionally aids ticket resellers violate ACAL § 25.13 by providing an
anonymous platform for unlicensed ticket resellers to sell Yankees' tickets.

58.   StubHub intentionally aids ticket resellers violate ACAL § 25.23 by not allowing
a ticket reseller post the face value or a hyperlink to the face value at the time of sale.

59.   eBay operates StubHub as an anonymous platform knowing that StubHub
intentionally aids tickets resellers violate ACAL Section 25.

60.   The Tickets the Plaintiff purchased do not have the established price or final
auction price printed or endorsed on the face of the Tickets.

61.   StubHub intentionally deleted the face value of the ticket originally printed on the
tickets issued by Ticketmaster and sold on the primary market when they reissued the Tickets
electronically to the Plaintiff on the secondary market.

10

62.     Based upon information and belief, StubHub and the Yankees agreed that StubHub could reissue tickets electronically without printing the established price on Yankees' tickets.

63.     As a result of the Defendants' conduct, members of the Class have been injured because they are forced to pay higher ticket prices to Yankees' games.

64.     As a result of the Defendants' conduct, members of the Class have been injured because they are not provided with the information required pursuant to ACAL Article 25 such as the established price of the ticket or the identity of licensed and/or unlicensed sellers.

65.     ACAL § 25.33 provides the Plaintiff and the members of the Class with a private right of action against eBay, StubHub and the Yankees to enjoin their unlawful acts and to recover actual and/or statutory damages, attorneys' fees and costs.

## COUNT II
## (VIOLATION OF GBL § 349)
## (against eBay, StubHub and the Yankees)

66.     The Plaintiff restates and reiterates herein all previous paragraphs.

67.     GBL § 349 prohibits deceptive acts or practices in the conduct of any business trade or commerce or in the furnishing of any service in New York State.

68.     eBay and StubHub's conduct violates GBL § 349 in that they knowingly aide unlicensed ticket resellers to anonymously sell tickets to Yankees' games.

69.     eBay and StubHub's conduct violates GBL § 349 in that they knowingly aide licensed and/or unlicensed ticket resellers to sell tickets to Yankees' games without disclosing the established price at the time of sale.

11

70. The Defendants' conduct violates GBL § 349 in that they knowingly remove the established price of Yankees' tickets when those tickets are electronically issued on the secondary market.

71. The Defendants' conduct described above is deceptive and misleading in a material respect and was directed at the public at large.

72. Defendants' acts and practices described above are likely to mislead a reasonable consumer acting reasonably under the circumstances.

73. As a result of the Defendants' deceptive and misleading acts, members of the Class have been injured because they are forced to pay higher ticket prices to Yankees' games and members of the Class and Subclass are not provided with the information required pursuant to ACAL Article 25 such as the face value of the ticket or the identity of the seller.

74. Because Defendants' conduct described above is criminalized in ACAL § 25.35, the Defendants' conduct a *per se* violation of GBL § 349.

75. As a result, the Plaintiff and the members of the Class are entitled to maintain an action against eBay, StubHub and the Yankees for actual and/or statutory damages, attorneys' fees, costs as well as injunctive relief.

**WHEREFORE**, Plaintiff respectfully requests that the court enter judgment against the Defendants as follows:

a. Permanently enjoin StubHub from reselling tickets to Yankees' games on the secondary market without disclosing the identity of the seller at the time of the sale;

b. Permanently enjoin StubHub from reselling tickets to Yankees' games on the secondary market without disclosing the established price of the tickets at the time of the sale;

12

c.     Permanently enjoin StubHub from reselling tickets to Yankees' games on the
       secondary market without printing the established price of the tickets on the
       tickets on those tickets are reissued electronically;

d.     Ordering StubHub to adequately disclose the identity of each seller of Yankees'
       tickets prior to the consummation of the sale on the secondary market;

e.     Ordering StubHub to adequately disclose the established price of each Yankees'
       ticket prior to the consummation of the sale on the secondary market;

f.     Ordering the Yankees and/or StubHub to print or endorse on the face of each
       ticket sold to a Yankees' game, the established price, or the final auction price of
       each ticket sold on the secondary market;

g.     Awarding the Plaintiff and the Class statutory, actual and punitive damages for
       injuries caused by Defendants' deceptive acts and practices;

h.     Awarding the Plaintiff and the Class reasonable attorneys' fees and costs; and

i.     Granting such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff hereby demands

a trial by jury.

Dated: New York, New York
       December 31, 2010

                              Respectfully submitted,

                              RANDALL S. NEWMAN, P.C.


                          By:  s/ Randall S. Newman
                               Randall S. Newman, Esq. (RN7862)
                               37 Wall Street, PH D
                               New York, NY 10005
                               Tel: (212) 797-3737
                               rsn@randallnewman.net

                               *Attorney for Plaintiff,*
                               *Andrea Weinstein*

13

# EXHIBIT A

This is your ticket. Present this entire page at the event.



**452753531670**

## - THIS IS YOUR TICKET -

### WORLD SERIES CHAMPIONS 2009

### 2010  2010  2010  2010
### - THIS IS YOUR TICKET -

| SECTION | ROW | SEAT |
|---|---|---|
| 426 | 5 | 16 |

**EVENT**
Kansas City Royals at New York Yankees Tickets
Sunday July 25, 2010 at 1:00p.m.
Yankee Stadium

### YANKEES SEASON TICKET PLANS
### ON SALE NOW

### CATCH THE 27-TIME WORLD CHAMPION YANKEES IN 2010!



## TRANSACTION DETAILS
Name: Andrea Weinstein
Payment Method:
Credit Card Number:
StubHub Customer Number:
StubHub Confirmation Number: 3329613



# yankees.com

## IS YOUR ONE-STOP SHOP FOR YANKEES TICKETS

Log On today »



## Important Instructions:
- The barcode only allows one entry per person.
- Unauthorized duplication or sale of this ticket may prevent your admittance to the event

| SECTION: 426 | ROW: 5 | SEAT: 16 |
|---|---|---|



**452753531670**

Keep this ticket in a safe place as you would money or regular tickets. Ticketmaster is not responsible for any inconvenience caused by unauthorized duplication. In the event that duplicate copies appear, the facility reserves the right to refuse entry to all ticketholders and may credit the original purchase the face value which will constitute full remuneration. The event date and time is subject to change without notice.