# EXHIBIT 3

McKINNEY'S

# CONSOLIDATED LAWS
# OF NEW YORK ANNOTATED

### Book 3B
### Arts and Cultural Affairs Law

## 2011
## Cumulative Pocket Part

Replacing prior pocket part supplementing
1984 main volume

Current Through the Laws of 2010, chapters 1 to 59 and
61 to 481 of the 233rd Legislative Session

**Includes Commentaries by**
**Elizabeth Block**

Weil, Gotshal & Mang___ LLP
DEC 2 8 2010
LIBRARY

## WEST®

A Thomson Reuters business

Mat #41087254

14

## ARTICLE 25—TICKETS TO PLACES OF ENTERTAINMENT

*[Eff. until May 16, 2011, pursuant to L.1991, c. 704, § 4.
See also, Art. 25 Theatre Tickets, ante.]*

**Section**
25.01.    Legislative findings.
25.03.    Definitions.
25.05.    Repealed.
25.07.    Ticket prices.
25.08.    Additional printing on tickets.
25.09.    Ticket speculators.
25.11.    Resales of tickets within buffer zone.
25.13.    Licensing of ticket resellers.
25.15.    Bond.
25.17.    Supervision and regulation.
25.19.    Posting of license or certificate.
25.21.    Change of office location.
25.23.    Posting of price lists; information to purchaser.
25.24.    Automated ticket purchasing software.
25.25.    Records of purchases and sales.
25.27.    Commissions to employees of places of entertainment.
25.29.    Unlawful charges in connection with tickets.
25.30.    Operator prohibitions.
25.31.    Suspension or revocation of licenses.
25.33.    Private right of action.
25.35.    Criminal penalties.

## Historical and Statutory Notes

**L.2010, c. 151 legislation**

L.2010, c. 151, § 11, provides:

"Notwithstanding the provisions of article 5 of the general construction law, if this act shall take effect after May 15, 2010, the provisions of article 25 of the arts and cultural affairs law, except section 25.11 are hereby revived and shall continue in full force and effect as they existed on May 15, 2010 through May 15, 2011, when upon such date such provisions shall expire and be deemed repealed."

**L.2007, c. 61 legislation**

L.2007, c. 61, § 19, as amended by L.2007, c. 374, § 12, eff. July 18, 2007, provides:

"This act shall take effect immediately, provided this chapter shall not take effect with respect to the issuance of licenses or certificates under this article by the secretary of state or department of state until January 1, 2008 and regulation under this article by the commissioners of licenses of the political subdivisions of the state shall continue through December 31, 2007, and provided further,

that the amendments to article 25 of title G of the arts and cultural affairs law made by sections one through fifteen of this act shall not affect the repeal of such article and shall be deemed repealed therewith; and provided further that section seventeen of this act shall take effect upon the reversion of article 25 of title G of the arts and cultural affairs law pursuant to section 4 of chapter 704 of the laws of 1991, as amended."

**L.2005, c. 106 legislation**

L.2005, c. 106, § 11–a, added by L.2005, c. 134, § 6, eff. June 30, 2005, deemed eff. June 14, 2005, provides:

"Notwithstanding the provisions of article 5 of the general construction law, the provisions of article 25 of title G of the arts and cultural affairs law are hereby revived and shall continue in full force and effect as they existed on May 31, 2005 and shall be subject to the repeal and reversion of such article pursuant to chapter 704 of the laws of 1991, as amended."

**L.1991, c. 704 legislation**

L.1991, c. 704, § 4; amended L.1994, c. 319, § 1; L.1995, c. 114,

§ 1; L.1906, c. 28, § 1; L.1
632, § 1, deemed eff. June 1
L.1998, c. 73, § 1, eff. June 1
L.1999, c. 60, § 1, eff. June 1
L.2000, c. 42, § 1, eff. June 1
L.2001, c. 48, § 1, eff. May 3
deemed eff. June 1, 2001; L.
56, § 7, eff. June 8, 2001; L.
68, § 1, eff. June 10, 2003; L.
106, § 10, eff. June 14, 2005;
c. 61, § 1, eff. May 31, 2007;
c. 374, § 11, eff. July 18
L.2009, c. 68, § 2, eff. June 1
deemed eff. June 1, 2009; L.
151, § 5, eff. July 2, 2010, p

"This act [adding Arts and C
Affairs Law article 25, set out
repealing Arts and Cultural
Law article 25, set out fir
amending McK... Unconsol
§ 8919] shall take effect on t
eth day after it shall have b
law [became law Aug. 2, 19
Oct. 1, 1991], provided, chapt
the laws of 2007 shall not tak
with respect to the issuance o
es or certificates under this a
the secretary of state or dep
of state until January 1, 2
regulation under this article

## § 25.01.   Legislative fi

*[Eff. until May 16,
See also, § 25.01 in A*

The legislature finds, an
for admission to places of e
and subject to the super
political subdivisions of th
public against fraud, extor

The legislature further
and sell tickets to places
New York state often fro
ing to the provisions of t
claim that businesses dom
from this statute when sel
state, regardless of the t
seller. It is the legisla
charged with enforcement
al of New York state have
persons reselling tickets t
extent of the state's pow
and that this article be co
(Added L.1991, c. 704, § 1;
L.2007, c. 61, § 1, eff. May 3

tickets at a price over face value, i.e., a "scalper," complies with legislative intent in enacting statute entitled "ticket speculators." People v. Salmon, 1984, 125 Misc.2d 221, 478 N.Y.S.2d 780.   Public Amusement And Entertainment ⬅ 70

**3.   Selective enforcement**

Allegation by defendant charged with conducting business of selling ticket to performance at county coliseum without being authorized to do so, in violation of "ticket speculators" statute, that such statute was selectively enforced at particular coliseum failed to establish enforcement of ticket speculators statute was of such an "invidious discriminatory nature" so as to violate the equal protection clause, since violations of ticket speculators statute had occurred at coliseum; therefore, enforcement of such statute should be considered a proper and expected means of police deterrence.   People v. Salmon, 1984, 125 Misc.2d 221, 478 N.Y.S.2d 780.   Constitutional Law ⬅ 3789; Criminal Law ⬅ 37.10(2); Public Amusement And Entertainment ⬅ 5.

**4.   Allegations, sufficiency of**

Allegation that defendant solicited complainant to purchase one ticket of admission to performance at county coliseum without being authorized to do so was sufficient to charge defendant with conducting "the business of selling" in violation of statute proscribing ticket speculation.   People v. Salmon, 1984, 125 Misc.2d 221, 478 N.Y.S.2d 780.   Public Amusement And Entertainment ⬅ 176.

## § 25.07.   Ticket prices

*[Eff. until May 10, 2011, pursuant to L.1991, c. 704, § 4.
See also, § 25.07 in Art. 25 Theatre Tickets, ante.]*

1.   Every operator of a place of entertainment shall, if a price be charged for admission thereto, print or endorse on the face of each such ticket the established price, or the final auction price if such ticket was sold or resold by auction through the operator or its agent.

2.   Notwithstanding any other provision of law, any person, firm or corporation, regardless of whether or not licensed under this article, that resells tickets or facilitates the resale or resale auction of tickets between independent parties by any means, must guarantee to each purchaser of such resold tickets that the person, firm or corporation will provide a full refund of the amount paid by the purchaser (including, but not limited to, all fees, regardless of how characterized) if any of the following occurs: (a) the event for which such ticket has been resold is cancelled, provided that if the event is cancelled then actual handling and delivery fees need not be refunded as long as such previously disclosed guarantee specifies that such fees will not be refunded; (b) the ticket received by the purchaser does not grant the purchaser admission to the event described on the ticket, for reasons that may include, without limitation, that the ticket is counterfeit or that the ticket has been cancelled by the issuer due to non-payment, or that the event described on the ticket was cancelled for any reason prior to purchase of the resold ticket, unless the ticket is cancelled due to an act or omission by such purchaser; or (c) the ticket fails to conform to its description as advertised unless the buyer has pre-approved a substitution of tickets.

3.   Prior to the payment of a refund it shall be the obligation of the seller and purchaser to first make a good faith effort to remedy any

disputes where the seller lished by the licensee . . . disputes as a condition to . . .

**4, 5.   Repealed by L.200 . . .**
(Added L.1991, c. 704, § 1 . . . L.3005, c. 107, § 1, eff. June . . . L.2007, c. 61, § 3, eff. May . . .

**Histori . . .**

**L.2010, c. 151 legislation**
L.2010, c. 151, § 11, provid . . .
"Notwithstanding the pro . . . article 5 of the general con . . . law, if this act shall take ef . . . May 15, 2010, the provisions . . . 25 of the arts and cultural a . . . except section 25.11 are re . . . vived and shall continue in . . . and effect as they existed on . . . 2010 through May 15, 201 . . . upon such date such provisi . . . expire and be deemed repeal . . .

**L.2007, c. 374 legislation**
L.2007, c. 374, § 13, provi . . .
"This act shall take effect . . . ately; provided, however, . . . amendments to article 25 of . . . the arts and cultural affairs . . . by sections one through te . . . act shall not affect the repe . . . article and shall be deemed . . . therewith."

**L.2007, c. 61 legislation**
L.2007, c. 61, § 19, as am . . . L.2007, c. 374, § 12, eff. July . . . provides:
"This act shall take effect . . . ately, provided this chapter . . . take effect with respect to . . . ance of licenses or certifica . . . this article by the secretary . . . or department of state until . . . 1, 2008 and regulation under . . . cle by the commissioners o . . . of the political subdivision . . . state shall continue through . . . ber 31, 2007, and provided . . . that the amendments to art . . . title G of the arts and cultu . . . law made by sections one . . . fifteen of this act shall not . . . repeal of such article and . . . deemed repealed therewith;

erefore, enforcement of such should be considered a proper pected means of police deter- People v. Salmon, 1984, 125 i 221, 478 N.Y.S.2d 780. Con- nal Law ⟶ 3789; Criminal ⟶ 37.10(2); Public Amusement tertainment ⟶ 5

**egations, sufficiency of**

ation that defendant solicited inant to purchase one ticket of on to performance at county n without being authorized to was sufficient to charge defen- th conducting "the business of in violation of statute pro- ticket speculation. People v. 1984, 125 Misc.2d 221, 478 d 780. Public Amusement tertainment ⟶ 176

*to L.1991, c. 704, § 4. kets, ante.]*

unment shall, if a price be dorse on the face of each final auction price if such h the operator or its agent.

of law, any person, firm or licensed under this article, or resale auction of tickets s, must guarantee to each erson, firm or corporation t paid by the purchaser dless of how characterized) t for which such ticket has he event is cancelled then e refunded as long as such hat such fees will not be rchaser does not grant the l on the ticket, for reasons he ticket is counterfeit or uer due to non-payment, or cancelled for any reason the ticket is cancelled due or (c) the ticket fails to inless the buyer has pre-

all be the obligation of the faith effort to remedy any

disputes where the seller and purchaser have agreed to terms estab- lished by the licensee or website manager for the disposition of disputes as a condition to facilitate the transaction.

**4, 5.** Repealed by L.2007, c. 374, § 3, eff. July 18, 2007.

(Added L.1991, c. 704, § 1. Amended L.2005, c. 106, § 3, eff. June 14, 2005; L.2005, c. 107, § 1, eff. June 14, 2005; L.2005, c. 134, § 2, eff. June 30, 2005; L.2007, c. 61, § 3, eff. May 31, 2007; L.2007, c. 374, § 3, eff. July 18, 2007.)

### Historical and Statutory Notes

**L.2010, c. 151 legislation**

L.2010, c. 151, § 11, provides:

"Notwithstanding the provisions of article 5 of the general construction law, if this act shall take effect after May 15, 2010, the provisions of article 25 of the arts and cultural affairs law, except section 25.11 are hereby re- vived and shall continue in full force and effect as they existed on May 15, 2010 through May 15, 2011, when upon such date such provisions shall expire and be deemed repealed."

**L.2007, c. 374 legislation**

L.2007, c. 374, § 13, provides:

"This act shall take effect immedi- ately; provided, however, that the amendments to article 25 of title G of the arts and cultural affairs law made by sections one through ten of this act shall not affect the repeal of such article and shall be deemed repealed therewith."

**L.2007, c. 61 legislation**

L.2007, c. 61, § 19, as amended by L.2007, c. 374, § 12, eff. July 18, 2007, provides:

"This act shall take effect immedi- ately, provided this chapter shall not take effect with respect to the issu- ance of licenses or certificates under this article by the secretary of state or department of state until January 1, 2008 and regulation under this arti- cle by the commissioners of licenses of the political subdivisions of the state shall continue through Decem- ber 31, 2007, and provided further, that the amendments to article 25 of title G of the arts and cultural affairs law made by sections one through fifteen of this act shall not affect the repeal of such article and shall be deemed repealed therewith; and pro-

vided further that section seventeen of this act shall take effect upon the reversion of article 25 of title G of the arts and cultural affairs law pursuant to section 4 of chapter 704 of the laws of 1991, as amended.

**L.2005, c. 134 legislation**

L.2005, c. 134, § 7, provides:

"This act shall take effect immedi- ately, provided, however, that section six of this act [setting out an unclassi- fied provision] shall be deemed to have been in full force and effect on the same date as chapter 106 of the laws of 2005 took effect [June 14, 2005]; and provided further that the amendments to the arts and cultural affairs law made by sections one, two, three, and four of this act shall not affect the repeal of article 25 of title G of such law pursuant to chapter 704 of the laws of 1991, as amended, and shall expire and be deemed repealed therewith."

**L.2005, c. 107 legislation**

L.2005, c. 107, § 3, provides:

"This act shall take effect on the same date and in the same manner as a chapter of the laws of 2005 amend- ing the arts and cultural affairs law and other laws relating to the resale pricing of certain entertainment tick- ets, as proposed in legislative bills numbers S.5110–A and A.5454–C [L.2005, c. 106, eff. June 14, 2005], takes effect."

**L.2005, c. 106 legislation**

L.2005, c. 106, § 11–a, added by L.2005, c. 134, § 6, eff. June 30, 2005, deemed eff. June 14, 2005, provides:

"Notwithstanding the provisions of article 5 of the general construction law, the provisions of article 25 of title G of the arts and cultural affairs