# EXHIBIT 5

McKINNEY'S

# CONSOLIDATED LAWS OF NEW YORK ANNOTATED

## Book 3B
## Arts and Cultural Affairs Law

---

## 2011
## Cumulative Pocket Part

Replacing prior pocket part supplementing 1984 main volume

Current Through the Laws of 2010, chapters 1 to 59 and 61 to 481 of the 233rd Legislative Session

**Includes Commentaries by Elizabeth Block**

Weil, Gotshal & Manges LLP
DEC 28 2010
LIBRARY

WEST®
A Thomson Reuters business

Mat #41087254

## ARTICLE 25—TICKETS TO PLACES OF ENTERTAINMENT

*[Eff. until May 16, 2011, pursuant to L.1991, c. 704, § 4. See also, Art. 25 Theatre Tickets, ante.]*


Section
25.01. Legislative findings.
25.03. Definitions.
25.05. Repealed.
25.07. Ticket prices.
25.08. Additional printing on tickets.
25.09. Ticket speculators.
25.11. Resales of tickets within buffer zone.
25.13. Licensing of ticket resellers.
25.15. Bond.
25.17. Supervision and regulation.
25.19. Posting of license or certificate.
25.21. Change of office location.
25.23. Posting of price lists; information to purchaser.
25.24. Automated ticket purchasing software.
25.25. Records of purchases and sales.
25.27. Commissions to employees of places of entertainment.
25.29. Unlawful charges in connection with tickets.
25.30. Operator prohibitions.
25.31. Suspension or revocation of licenses.
25.33. Private right of action.
25.35. Criminal penalties.


### Historical and Statutory Notes

**L.2010, c. 151 legislation**

L.2010, c. 151, § 11, provides:

"Notwithstanding the provisions of article 5 of the general construction law, if this act shall take effect after May 15, 2010, the provisions of article 25 of the arts and cultural affairs law, except section 25.11 are hereby revived and shall continue in full force and effect as they existed on May 15, 2010 through May 15, 2011, when upon such date such provisions shall expire and be deemed repealed."

**L.2007, c. 61 legislation**

L.2007, c. 61, § 19, as amended by L.2007, c. 374, § 12, eff. July 18, 2007, provides:

"This act shall take effect immediately, provided this chapter shall not take effect with respect to the issuance of licenses or certificates under this article by the secretary of state or department of state until January 1, 2008 and regulation under this article by the commissioners of licenses of the political subdivisions of the state shall continue through December 31, 2007, and provided further, that the amendments to article 25 of title G of the arts and cultural affairs law made by sections one through fifteen of this act shall not affect the repeal of such article and shall be deemed repealed therewith; and provided further that section seventeen of this act shall take effect upon the reversion of article 25 of title G of the arts and cultural affairs law pursuant to section 4 of chapter 704 of the laws of 1991, as amended."

**L.2005, c. 106 legislation**

L.2005, c. 106, § 11–a, added by L.2005, c. 134, § 6, eff. June 30, 2005, deemed eff. June 14, 2005, provides:

"Notwithstanding the provisions of article 5 of the general construction law, the provisions of article 25 of title G of the arts and cultural affairs law are hereby revived and shall continue in full force and effect as they existed on May 31, 2005 and shall be subject to the repeal and reversion of such article pursuant to chapter 704 of the laws of 1991, as amended."

**L.1991, c. 704 legislation**

L.1991, c. 704, § 4; amended L.1994, c. 319, § 1; L.1995, c. 114,





§ 1; L.1996, c. 28, § 1; L.1
632, § 1, deemed eff. June 1
L.1998, c. 73, § 1, eff. June
L.1999, c. 60, § 1, eff. June
L.2000, c. 42, § 1, eff. June
L.2001, c. 48, § 1, eff. May 3
deemed eff. June 1, 2001; L.
56, § 7, eff. June 8, 2001; L.
68, § 1, eff. June 10, 2003; L.
106, § 10, eff. June 14, 2005;
c. 61, § 1, eff. May 31, 2007;
c. 374, § 11, eff. July 18
L.2009, c. 68, § 2, eff. June
deemed eff. June 1, 2009; L.
151, § 5, eff. July 2, 2010, p

"This act [adding Arts and
Affairs Law article 25, set out
repealing Arts and Cultural
Law article 25, set out fi
amending McK. Unconsol
§ 8919] shall take effect on t
eth day after it shall have b
law [became law Aug. 2, '1
Oct. 1, 1991], provided, chapt
the laws of 2007 shall not ta
with respect to the issuance c
es or certificates under this a
the secretary of state or dep
of state until January 1, 2
regulation under this article

## § 25.01. Legislative fi

*[Eff. until May 16,
See also, § 25.01 in A*

The legislature finds an
for admission to places of
and subject to the supe
political subdivisions of th
public against fraud, extor

The legislature further
and sell tickets to places
New York state often fro
ing to the provisions of
claim that businesses dom
from this statute when sel
state, regardless of the
seller. It is the legisla
charged with enforcement
al of New York state have
persons reselling tickets t
extent of the state's pow
and that this article be co

(Added L.1991, c. 704, § 1.
L.2007, c. 61, § 1, eff. May 3

cultural affairs law, as added by this act, shall not apply to tickets printed prior to enactment of such article so long as notice of the higher maximum premium price and prohibition of sales within one thousand five hundred feet from the physical structure of the place of entertainment, where applicable, is prominently displayed at the point of sale and at such place of entertainment."

## Notes of Decisions

Indictment and information 1
Probable cause 2

**1. Indictment and information**

Indictment under "anti-scalping law" was facially sufficient in alleging that defendant offered concert tickets for resale and specifying the other conditions that brought him within purview of statute, even though there was no allegation that defendant actually possessed tickets to sell. People v. Osborne, 1999, 180 Misc.2d 152, 688 N.Y.S.2d 874. Public Amusement And Entertainment ⇐ 177.

**2. Probable cause**

Police officer had probable cause to believe that defendant violated law prohibiting an individual to resell or offer to resell at any price tickets to an entertainment venue seating over 5000 persons, within 1500 feet of the building, as required for arrest; officer observed defendant saying to passersby that he had tickets to a concert approximately 200 feet from the entrance to entertainment venue. People v. Lewis (1 Dept. 2008) 50 A.D.3d 595, 857 N.Y.S.2d 88, leave to appeal denied 11 N.Y.3d 790, 866 N.Y.S.2d 616, 896 N.E.2d 102. Arrest ⇐ 63.4(13).

## § 25.13. Licensing of ticket resellers

*[Eff. until May 16, 2011, pursuant to L.1991, c. 704, § 4. See also, § 25.13 in Art. 25 Theatre Tickets, ante.]*

1. No person, firm or corporation shall resell or engage in the business of reselling any tickets to a place of entertainment or operate an internet website or any other electronic service that provides a mechanism for two or more parties to participate in a resale transaction or that facilitates resale transactions by the means of an auction, or own, conduct or maintain any office, branch office, bureau, agency or sub-agency for such business without having first procured a license or certificate for each location at which business will be conducted from the secretary of state. Any operator or manager of a website that serves as a platform to facilitate resale, or resale by way of a competitive bidding process, solely between third parties and does not in any other manner engage in resales of tickets to places of entertainment shall be exempt from the licensing requirements of this section. The department of state shall issue and deliver to such applicant a certificate or license to conduct such business and to own, conduct or maintain a bureau, agency, sub-agency, office or branch office for the conduct of such business on the premises stated in such application upon the payment by or on behalf of the applicant of a fee of five thousand dollars and shall be renewed upon the payment of a like fee annually. Such license or certificate shall not be transferred or assigned, except by permission of the secretary of state. Such license or certificate shall run to the first day of January next ensuing the date thereof, unless sooner revoked by the secretary of state. Such





license or certificate
setting forth such info
order to enable him o
article and shall be acc
of state of the moral ch

2. No operator's ag
ticket reseller owned o

3. The operator or
which a ticket is for
such obstruction. Ev
disclosure of such obst

4. If any licensee
ness provides a servic
ing any fees, surcha
price, on every transa
the delivery of ticket
shall be waived.

(Added L.1991, c. 704, §
L.2005, c. 107, § 2, eff.
L.2007, c. 374, § 5, eff.

Hi

**L.2010, c. 151 legislatio**

L.2010, c. 151, § 11, p
"Notwithstanding the
article 5 of the genera
law, if this act shall tak
May 15, 2010, the provis
25 of the arts and cultu
except section 25.11 a
vived and shall continu
and effect as they exist
2010 through May 15
upon such date such p
expire and be deemed r

**L.2009, c. 68 legislatio**

L.2009, c. 68, § 4, pr
"This act shall take
ately; provided, howev
act shall not have beco
before June 1, 2009, s
this act shall be deeme
in full force and effec
June 1, 2009; provide
the amendments to ar
arts and cultural affair
section one of this act,
the expiration and repe
cle, and shall expire a
repealed therewith."

**L.2007, c. 374 legislati**

L.2007, c. 374, § 13,

ed feet from the physical structure the place of entertainment, where plicable, is prominently displayed the point of sale and at such place entertainment."

isions

Probable cause

Police officer had probable cause to ieve that defendant violated law hibiting an individual to resell or r to resell at any price tickets to entertainment venue seating over 0 persons, within 1500 feet of the ding, as required for arrest; offi- observed defendant saying to ersby that he had tickets to a ert approximately 200 feet from entrance to entertainment venue. ple v. Lewis (1 Dept. 2008) 50 3d 595, 857 N.Y.S.2d 88, leave to eal denied 11 N.Y.3d 790, 866 S.2d 616, 896 N.E.2d 102. Ar- ⚖ 63.4(13)

ers

*nt to L.1991, c. 704, § 4. Tickets, ante.]*

hall resell or engage in the e of entertainment or operate onic service that provides a articipate in a resale transac- by the means of an auction, branch office, bureau, agency aving first procured a license business will be conducted tor or manager of a website esale, or resale by way of a en third parties and does not tickets to places of entertain- requirements of this section. deliver to such applicant a ness and to own, conduct or ffice or branch office for the s stated in such application e applicant of a fee of five on the payment of a like fee hall not be transferred or etary of state. Such license f January next ensuing the e secretary of state. Such



license or certificate shall be granted upon a written application setting forth such information as the secretary of state may require in order to enable him or her to carry into effect the provisions of this article and shall be accompanied by proof satisfactory to the secretary of state of the moral character of the applicant.

2. No operator's agent shall sell or convey tickets to any secondary ticket reseller owned or controlled by the operator's agent.

3. The operator or the promoter shall determine whether a seat for which a ticket is for sale has an obstructed view, and shall disclose such obstruction. Every sale or resale of such ticket shall include a disclosure of such obstructed view.

4. If any licensee under this section demonstrates that their business provides a service to facilitate ticket transactions without charging any fees, surcharges or service charges above the established price, on every transaction, except a reasonable and actual charge for the delivery of tickets, then the fees for licensing under this section shall be waived.

(Added L.1991, c. 704, § 1. Amended L.2005, c. 106, § 5, eff. June 14, 2005; L.2005, c. 107, § 2, eff. June 14, 2005; L.2007, c. 61, § 7, eff. May 31, 2007; L.2007, c. 374, § 5, eff. July 18, 2007; L.2009, c. 68, § 1, eff. June 9, 2009.)

## Historical and Statutory Notes

**L.2010, c. 151 legislation**

L.2010, c. 151, § 11, provides:

"Notwithstanding the provisions of article 5 of the general construction law, if this act shall take effect after May 15, 2010, the provisions of article 25 of the arts and cultural affairs law, except section 25.11 are hereby revived and shall continue in full force and effect as they existed on May 15, 2010 through May 15, 2011, when upon such date such provisions shall expire and be deemed repealed."

**L.2009, c. 68 legislation**

L.2009, c. 68, § 4, provides:

"This act shall take effect immediately; provided, however, that if this act shall not have become a law on or before June 1, 2009 section two of this act shall be deemed to have been in full force and effect on and after June 1, 2009; provided, further, that the amendments to article 25 of the arts and cultural affairs law, made by section one of this act, shall not affect the expiration and repeal of such article, and shall expire and be deemed repealed therewith."

**L.2007, c. 374 legislation**

L.2007, c. 374, § 13, provides:

"This act shall take effect immediately; provided, however, that the amendments to article 25 of title G of the arts and cultural affairs law made by sections one through ten of this act shall not affect the repeal of such article and shall be deemed repealed therewith."

**L.2007, c. 61 legislation**

L.2007, c. 61, § 19, as amended by L.2007, c. 374, § 12, eff. July 18, 2007, provides:

"This act shall take effect immediately, provided this chapter shall not take effect with respect to the issuance of licenses or certificates under this article by the secretary of state or department of state until January 1, 2008 and regulation under this article by the commissioners of licenses of the political subdivisions of the state shall continue through December 31, 2007, and provided further, that the amendments to article 25 of title G of the arts and cultural affairs law made by sections one through fifteen of this act shall not affect the repeal of such article and shall be deemed repealed therewith; and provided further that section seventeen of this act shall take effect upon the