# EXHIBIT 8

# McKINNEY'S
# CONSOLIDATED LAWS
# OF NEW YORK ANNOTATED

### Book 3B
### Arts and Cultural Affairs Law

## 2011
## Cumulative Pocket Part

Replacing prior pocket part supplementing
1984 main volume

Current Through the Laws of 2010, chapters 1 to 59 and
61 to 481 of the 233rd Legislative Session

**Includes Commentaries by
Elizabeth Block**

Weil, Gotshal & Manges LLP
DEC 2 8 2010
LIBRARY

**WEST**
A Thomson Reuters business

Mat #41087254                                                    14

## ARTICLE 25—TICKETS TO PLACES OF ENTERTAINMENT

[Eff. until May 16, 2011, pursuant to L.1991, c. 704, § 4. See also, Art. 25 Theatre Tickets, ante.]

Section
25.01. Legislative findings.
25.03. Definitions.
25.05. Repealed.
25.07. Ticket prices.
25.08. Additional printing on tickets.
25.09. Ticket speculators.
25.11. Resales of tickets within buffer zone.
25.13. Licensing of ticket resellers.
25.15. Bond.
25.17. Supervision and regulation.
25.19. Posting of license or certificate.
25.21. Change of office location.
25.23. Posting of price lists; information to purchaser.
25.24. Automated ticket purchasing software.
25.25. Records of purchases and sales.
25.27. Commissions to employees of places of entertainment.
25.29. Unlawful charges in connection with tickets.
25.30. Operator prohibitions.
25.31. Suspension or revocation of licenses.
25.33. Private right of action.
25.35. Criminal penalties.

### Historical and Statutory Notes

**L.2010, c. 151 legislation**

L.2010, c. 151, § 11, provides:

"Notwithstanding the provisions of article 5 of the general construction law, if this act shall take effect after May 15, 2010, the provisions of article 25 of the arts and cultural affairs law, except section 25.11 are hereby revived and shall continue in full force and effect as they existed on May 15, 2010 through May 15, 2011, when upon such date such provisions shall expire and be deemed repealed."

**L.2007, c. 61 legislation**

L.2007, c. 61, § 19, as amended by L.2007, c. 374, § 12, eff. July 18, 2007, provides:

"This act shall take effect immediately, provided this chapter shall not take effect with respect to the issuance of licenses or certificates under this article by the secretary of state or department of state until January 1, 2008 and regulation under this article by the commissioners of licenses of the political subdivisions of the state shall continue through December 31, 2007, and provided further, that the amendments to article 25 of title G of the arts and cultural affairs law made by sections one through fifteen of this act shall not affect the repeal of such article and shall be deemed repealed therewith; and provided further that section seventeen of this act shall take effect upon the reversion of article 25 of title G of the arts and cultural affairs law pursuant to section 4 of chapter 704 of the laws of 1991, as amended."

**L.2005, c. 106 legislation**

L.2005, c. 106, § 11-a, added by L.2005, c. 134, § 6, eff. June 30, 2005, deemed eff. June 14, 2005, provides:

"Notwithstanding the provisions of article 5 of the general construction law, the provisions of article 25 of title G of the arts and cultural affairs law are hereby revived and shall continue in full force and effect as they existed on May 31, 2005 and shall be subject to the repeal and reversion of such article pursuant to chapter 704 of the laws of 1991, as amended."

**L.1991, c. 704 legislation**

L.1991, c. 704, § 4; amended L.1994, c. 319, § 1; L.1995, c. 114,

§ 1; L.1996, c. 28, § 1; L. 632, § 1, deemed eff. June L.1998, c. 73, § 1, eff. June L.1999, c. 60, § 1, eff. June L.2000, c. 42, § 1, eff. June L.2001, c. 48, § 1, eff. May deemed eff. June 1, 2001; L 56, § 7, eff. June 8, 2001; L 68, § 1, eff. June 10, 2003; L 106, § 10, eff. June 14, 2005; c. 61, § 1, eff. May 31, 2007; c. 374, § 11, eff. July 1 L.2009, c. 68, § 2, eff. June deemed eff. June 1, 2009; L 151, § 5, eff. July 2, 2010;

"This act [adding Arts and Affairs Law article 25, set out repealing Arts and Cultural Law article 25, set out fi amending McK. Unconsol § 8919] shall take effect on t eth day after it shall have b law [became law Aug. 2, 1 Oct. 1, 1991], provided, chapt the laws of 2007 shall not ta with respect to the issuance es or certificates under this a the secretary of state or de of state until January 1, 2 regulation under this article

### § 25.01. Legislative fi

[Eff. until May 16, See also, § 25.01 in A

The legislature finds an for admission to places of and subject to the super political subdivisions of th public against fraud, extor

The legislature further and sell tickets to places New York state often from ing to the provisions of t claim that businesses dom from this statute when sel state, regardless of the t seller. It is the legislat charged with enforcement al of New York state have persons reselling tickets t extent of the state's powe and that this article be cor

(Added L.1991, c. 704, § 1, L.2007, c. 61, § 1, eff. May 31

## Notes of Decisions

Attorney fees 2
Fault of plaintiff 1
Persons liable 3

### 1. Fault of plaintiff

Buyer had cause of action against seller to recover actual damages under anti-scalping law, notwithstanding his willing participation and equal culpability in illegal ticket scalping, as general equitable principles permitting court to deny relief to parties who are in equal fault for illegal contract were overridden by specific provision of right of action in anti-scalping statute. Diversified Group Inc. v. Sahn (1 Dept. 1999) 259 A.D.2d 47, 696 N.Y.S.2d 133, issued 1999 WL 796969. Public Amusement And Entertainment ⇐ 70

### 2. Attorney fees

Buyer who recovered actual damages was also entitled to award of attorney fees under anti-scalping law regardless of whether seller was substantially justified in defending on basis of illegality of contract. Diversified Group Inc. v. Sahn (1 Dept. 1999) 259 A.D.2d 47, 696 N.Y.S.2d 133, issued 1999 WL 796969. Costs ⇐ 194.25

### 3. Persons liable

Wife of ticket scalper was not jointly and several liable for entire amount of actual damages awarded against her husband under anti-scalping law where wife was not party to scalping contract but only payee on one of several installment checks made by buyer in partial payment of tickets. Diversified Group Inc. v. Sahn (1 Dept. 1999) 259 A.D.2d 47, 696 N.Y.S.2d 133, issued 1999 WL 796969. Public Amusement And Entertainment ⇐ 70

## § 25.35. Criminal penalties

*[Repealed May 16, 2011, pursuant to L.1991, c. 704, § 4.]*

1. (a) Any person, firm, corporation or other entity, whether or not domiciled, licensed or registered within the state, which is convicted of violating section 25.27 or 25.29 of this article shall be guilty of a class A misdemeanor punishable by a fine not to exceed one thousand dollars or two times the amount of the defendant's gain, to be determined pursuant to the procedures set forth in section 400.30 of the criminal procedure law, whichever is greater, or by a term of imprisonment not to exceed one year, or by both such fine and imprisonment.

(b) Any person, firm, corporation or other entity, whether or not domiciled, licensed, or registered within the state, which is convicted of violating section 25.27 or 25.29 of this article, when the value of the commission, gratuity, bonus, premium or price unlawfully paid or accepted exceeds one thousand dollars for an event as defined in section 23.03 of this chapter, whether or not such payment is for tickets to a single performance of that event, shall be guilty of a class E felony, punishable by a term of imprisonment in accordance with the penal law, or by a fine of five thousand dollars or two times the amount of the defendant's gain, to be determined pursuant to the procedures set forth in section 400.30 of the criminal procedure law, whichever is greater, or by both such fine and imprisonment.

2. Any person, firm or corporation which is convicted of violating subdivision two of section 25.09 of this article shall be guilty of a misdemeanor punishable by a term of imprisonment not to exceed one year or by a fine not to exceed se[ven hundred fifty dollars on the first] conviction; one thousand five hu[ndred dollars on the second convic]tion; and two thousand dollars o[n each subsequent conviction or by] both such fine and imprisonment.

3. Any person, firm or corpora[tion which is convicted of] violating subdivision one of sectio[n] 25.15 of this article shall be guilty [of a misdemeanor punishable by a] term of imprisonment not to excee[d one year, or by a] fine not to exceed five hundred d[ollars, one] thousand dollars on the second co[nviction, and two thousand dollars] on each subsequent conviction or b[oth such fine and imprisonment.]

4. Notwithstanding any other [provision of this article,] any other violation of this article [of this chapter or of any other law,] which is convicted of violating se[ction 25.13 of this article shall be] guilty of a violation punishable by [a fine not to exceed two hundred fifty] dollars on the first conviction; fi[ve hundred dollars on the second] conviction; and one thousand doll[ars]

5. Any person, firm or corpora[tion which is convicted of violating] subdivision one of section 25.09 o[f this article shall be guilty of a] violation punishable by a fine no[t]

6. Any person, firm or corpora[tion which is convicted of violating] any other section of this article shal[l be guilty of a violation punishable] by a fine not to exceed two hundred [dollars.]

7. Notwithstanding any other p[rovision of this section, maximum] fines included in this section are i[ncreased for a corporation or any] other entity that is not a single per[son: such maximum fine may be] up to two times the amount otherw[ise set forth in this section, or] three times the amount of the defen[dant's gain, whichever is greater.]

(Added L.1991, c. 704, § 1. Amended [L.2007, c. 374, § 10, eff. July 18, 2007;]

### Historical and S[tatutory Notes]

**L.2010, c. 151 legislation**

L.2010, c. 151, § 11, provides:

"Notwithstanding the provisions of article 5 of the general construction law, if this act shall take effect after May 15, 2010, the provisions of article 25 of the arts and cultural affairs law, except section 25.11 are hereby revived and shall continue in full force and effect as they existed on May 15, 2010 through May 15, 2011, when upon such date such provisions shall expire and be deemed repealed."

L.2010, c. 151, § 12, provides:

"This act shall take effect immediately; provided that the amendments to section 25.03 of the arts and cultural affairs law, made by section one of this act, shall be subject to the expi[ration...]

isions

orney fees under anti-scalping law ;ardless of whether seller was sub- ntially justified in defending on ba- of illegality of contract. Diversi- 1 Group Inc. v. Sahn (1 Dept. 1999) ) A.D.2d 47, 696 N.Y.S.2d 133, is- :d 1999 WL 796969. Costs ⇔ l.25

**Persons liable**

Wife of ticket scalper was not joint- and several liable for entire ount of actual damages awarded ;inst her husband under anti-scalp- law where wife was not party to lping contract but only payee on of several installment checks le by buyer in partial payment of ets. Diversified Group Inc. v. m (1 Dept. 1999) 259 A.D.2d 47, N.Y.S.2d 133, issued 1999 WL 969. Public Amusement And En- ainment ⇔ 70

it to L.1991, c. 704, § 4.]

or other entity, whether or not the state, which is convicted of rticle shall be guilty of a class not to exceed one thousand the defendant's gain, to be set forth in section 400.30 of is greater, or by a term of or by both such fine and

other entity, whether or not the state, which is convicted of article, when the value of the or price unlawfully paid or for an event as defined in or not such payment is for vent, shall be guilty of a class )nment in accordance with the nd dollars or two times the determined pursuant to the f the criminal procedure law, ; and imprisonment.

which is convicted of violating article shall be guilty of a prisonment not to exceed one

year or by a fine not to exceed seven hundred fifty dollars on the first conviction; one thousand five hundred dollars on the second conviction; and two thousand dollars, on each subsequent conviction or by both such fine and imprisonment.

3. Any person, firm or corporation which is convicted of knowingly violating subdivision one of section 25.07 or section 25.13 or section 25.15 of this article shall be guilty of a misdemeanor punishable by a term of imprisonment not to exceed one hundred eighty days or by a fine not to exceed five hundred dollars on the first conviction; one thousand dollars on the second conviction; and two thousand dollars on each subsequent conviction or by both such fine and imprisonment.

4. Notwithstanding any other penalty which may be imposed for any other violation of this article, any person, firm or corporation which is convicted of violating section 25.11 of this article shall be guilty of a violation punishable by a fine not to exceed two hundred dollars on the first conviction; five hundred dollars on the second conviction; and one thousand dollars on each subsequent conviction.

5. Any person, firm or corporation which is convicted of violating subdivision one of section 25.09 of this article shall be guilty of a violation punishable by a fine not to exceed five hundred dollars.

6. Any person, firm or corporation which is convicted of violating any other section of this article shall be guilty of a violation punishable by a fine not to exceed two hundred fifty dollars.

7. Notwithstanding any other provision to the contrary, when the fines included in this section are imposed on a firm, corporation or other entity that is not a single person, such fines may be imposed at up to two times the amount otherwise allowed, or, where applicable, three times the amount of the defendant's gain.

(Added L.1991, c. 704, § 1. Amended L.2001, c. 56, § 6, eff. June 8, 2001; L.2007, c. 374, § 10, eff. July 18, 2007; L.2010, c. 151, § 9, eff. July 2, 2010.)

### Historical and Statutory Notes

**L.2010, c. 151 legislation**

L.2010, c. 151, § 11, provides:

"Notwithstanding the provisions of article 5 of the general construction law, if this act shall take effect after May 15, 2010, the provisions of article 25 of the arts and cultural affairs law, except section 25.11 are hereby revived and shall continue in full force and effect as they existed on May 15, 2010 through May 15, 2011, when upon such date such provisions shall expire and be deemed repealed."

L.2010, c. 151, § 12, provides:

"This act shall take effect immediately; provided that the amendments to section 25.03 of the arts and cultural affairs law, made by section one of this act, shall be subject to the expiration and reversion of such article pursuant to section 4 of chapter 704 of the laws of 1991, as amended, when upon such date the provisions of section two of this act shall take effect; provided further that the amendments to section 25.15 of the arts and cultural affairs law made by section four of this act shall not affect the expiration and reversion of such article and shall expire and be deemed repealed therewith; provided, further, that the amendments to section 25.25 of the arts and cultural affairs law, made by section six of this act shall not affect the repeal of such article and shall be deemed repealed therewith; provided, further, that the amendments to section 25.29 of the arts and cultural affairs law,