# EXHIBIT 17

18 Misc.3d 1106(A), 856 N.Y.S.2d 22, 2007 WL 4532509 (N.Y.Sup.), 2007 N.Y. Slip Op. 52441(U)
(Table, Text in WESTLAW), Unreported Disposition
(Cite as: 18 Misc.3d 1106(A), 2007 WL 4532509 (N.Y.Sup.))

▷
(The decision of the Court is referenced in a table in the New York Supplement.)

Supreme Court, Nassau County, New York.
Nicole BALLAS, individually and on behalf of all others similarly situated, Plaintiff,
v.
VIRGIN MEDIA, INC., Virgin Mobile USA, LLC, and Virgin MobilE USA, Inc., Defendants.

No. 600014-2007.
Dec. 6, 2007.

Harwood Feffer LLP, New York, Moritt Hock Hamroff & Horowitz LLP, Garden City, Harold M. Somer, P.C., Westbury, for Plaintiff.

Skadden, Arps, Slate, Meagher & Flom, LLP, New York, for Defendant.

LEONARD B. AUSTIN, J.

*1 Plaintiff, Nicole Ballas ("Ballas"), commenced this action on her behalf and on behalf of all members of the class of New York State residents who purchased the Defendants' cell phones alleging that the Defendants failed to advise them of the "topping-up" provisions of the 18 cents per minute plan option.

Defendants, Virgin Media, Inc., Virgin Mobile USA, LLC and Virgin Mobile USA, Inc. (collectively "Virgin") are collectively a cell phone service provider. Virgin provides customers with several cell phone service options including the 18 cents per minute plan that is the subject of this action.

When a customer selects the 18 cents per minute plan option, the customer is required to deposit a sum of money into his/her account. The customer can then use the phone for all available service provided the account still has a positive balance. A customer selecting a pay by the minute plan must "top up" in accordance with the plan by depositing additional funds into the account every 90 days even if the account has a positive balance. If the customer fails to deposit money into the account in accordance with the plan, the phone is declared inactive. A customer whose service is declared inactive cannot send or receive calls except 911 emergency calls nor can the customer access any of the other features of the phone service. If the customer tops up during the 60 day period after the service is declared inactive, the phone is activated and the balance is restored. If the phone account is not restored within the 60 day inactive period, the account is deactivated. In such case, the customer loses the phone number and is charged a deactivation fee equal to the amount on deposit in the account.

If the account is deactivated, the customer will have to reactivate the account as if it were a new account, whereby: the customer will have to pay the top up fee. In addition, the customer will lose the unused account balance.

Topping up is a means by which a purchaser of Virgin's cell phone, who pays by the minute, adds cash to their cell phone account so that they can continue to receive cell phone service. A customer may top up by (1) purchasing Top Up cell phone cards that are sold separately; (2) using a credit or debit card to pay by phone or on the Virgin Mobile USA website; or (3) using the Top Up option contained on the phone. Virgin permits the customer to register a credit or debit card to automatically top up their accounts.

In February 2007, Ballas purchased an "oystr" brand phone. She activated the phone by selecting the 18 cent per minute topping up plan. She does not indicate whether she activated her phone through the phone itself or via the Virgin website. Ballas alleges that she received an e-mail notification from Virgin indicating that it was time to top

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

18 Misc.3d 1106(A), 856 N.Y.S.2d 22, 2007 WL 4532509 (N.Y.Sup.), 2007 N.Y. Slip Op. 52441(U)
(Table, Text in WESTLAW), Unreported Disposition
(Cite as: 18 Misc.3d 1106(A), 2007 WL 4532509 (N.Y.Sup.))

up. The e-mail specifically advised Ballas that she had to deposit a minimum of $20 in her account every 90 days even if she had a positive balance to keep her service active.

*2 The notice indicated that if she did not top up, she would be unable to send or receive calls.

Ballas asserts that the top up provisions of the pay by the minute plan did not appear on the exterior packaging of the phone she purchased. She further alleges that the topping up requirements are difficult to access on the Virgin Mobile USA website. The topping up link is not readily noticeable. The exterior of the retail packaging states that: (1) there are no commitments or annual contracts; (2) the service is easy to join; (3) credit check is not required; (4) the account can be activated over the phone or online; and once the account is activated, the phone can be used.

Ballas further alleges that the Virgin website conceals the topping up requirements of the plan from consumers.

Virgin asserts that the back of the package directs consumers to check the Virgin Mobile USA website regarding the terms and conditions of the service. The information can be obtained by clicking on the "Legal" link on the Virgin website.

Virgin further asserts that the information regarding the topping up provisions are contained in the Terms of Service booklet contained in the package of all the cell phones it sold to its customers.

Based upon the information contained on the Virgin website and the Virgin Terms of Service Booklet, Virgin claims that it has established that the complaint is barred by the documentary evidence (CPLR 3211[a][1] ) and/or fails to state a claim upon which relief can be granted (CPLR 3211[a][7] ).

## DISCUSSION
### A. Dismissal-Standard

Since Defendants move to dismiss the complaint and not each specific cause of action, the motion must be denied in its entirety if any of the causes of action is legally sufficient. *Anand v. Soni*, 215 A.D.2d 420 (2nd Dept.1995); and *Maritarano Construction Corp. v. Briar Contracting Corp.*, 104 A.D.2d 1028 (2nd Dept.1984).

In order to obtain dismissal pursuant to CPLR 3211(a)(1), the Defendant must establish that the documentary evidence conclusively establishes a defense to the action as a matter of law. *Leon v. Martinez*, 84 NY.2d 83 (1994). See also, *730 J & J LLC v. Fillmore Agency, Inc.*, 303 A.D.2d 486 (2nd Dept.2003); and *Berger v. Temple Beth-el of Great Neck*, 303 A.D.2d 346 (2nd Dept.2003).

When deciding a motion made pursuant to CPLR 3211(a)(7), the court must determine whether the pleader has a cognizable cause of action and not whether the action has been properly plead. *Guggenheimer v. Ginzburg*, 43 N.Y.2d 268 (1977); *Rovello v. Orofino Realty Co.*, 40 N.Y.2d 633 (1976); and *Well v. Yeshiva Rambam*, 300 A.D.2d 580 (2nd Dept.2002). If, from the facts alleged in the complaint and the inferences which can be drawn therefrom, the court determines that the pleader has a cognizable cause of action, the motion must be denied. *Sokoloff v. Harriman Estates Development Corp.*, 96 N.Y.2d 409 (2001); and *Stucklen v. Kabro Assocs.*, 18 AD3d 461 (2nd Dept.2005).

*3 The court must accept as true all of the facts alleged in the complaint. *511 West 232rd Street Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144 (2002): and *Sokoloff v. Harriman Estates Development Corp.*, 96 N.Y.2d 409 (2001). The complaint must be liberally construed, and the plaintiff must be given the benefit of every favorable inference which can be drawn from the complaint. *Leon v. Martinez, supra*; and *Paterno v. CYC, LLC,* 8 AD3d 544 (2nd Dept.2004).

### B. *Breach of Contract*
The first cause of action alleges a cause of action for breach of contract. The elements of a cause

18 Misc.3d 1106(A), 856 N.Y.S.2d 22, 2007 WL 4532509 (N.Y.Sup.), 2007 N.Y. Slip Op. 52441(U)
(Table, Text in WESTLAW), Unreported Disposition
(Cite as: 18 Misc.3d 1106(A), 2007 WL 4532509 (N.Y.Sup.))

of action for breach of contract are the existence of a contract between the plaintiff and defendant, consideration, performance by the plaintiff, breach by the defendant and damages resulting from the breach. *Furia v. Furia,* 116 A.D.2d 694 (2nd Dept.1986); and 2 N.Y. PJI 3d 4:1 at 602 (2007). Plaintiff must establish the provisions of the contract the defendant is alleged to have breached. *Sud v. Sud,* 211 A.D.2d 423 (2nd Dept.1995); and *Atkinson v. Mobil Oil Corp.,* 205 A.D.2d 719 (2nd Dept.1994).

The complaint is dismissible because it fails to allege the specific provisions of the contract which Virgin is claimed to have breached.

Even if the complaint alleged the specific provisions allegedly breached, the complaint fails to state a cause of action for breach of contract. Virgin provided the service in the precise manner stated in the Terms of Service booklet. Ballas has failed to demonstrate otherwise.

Ballas alleges that Virgin's contract between Virgin and its customer is based upon the information contained on exterior of the packaging for the phone which does not mention "topping up."

A customer purchasing a phone must activate the phone either online or on the phone itself. When the customer activates the phone, the customer must select a service plan. Virgin has several service plans including several pay-by-the-month plans and the pay-by-the-minute plan which is the subject of this action.

The papers submitted on this motion do not indicate whether a customer who activates a phone and selects a service plan on the phone is advised of the topping up requirement of the per minute plan.

The information regarding the topping up requirements of the 18 cents per minute plan is clearly explained to those who activate their service through the Virgin website. This information is also contained and explained in the Terms of Service booklet enclosed in the package containing the phone.

A party is under an obligation to read a document before accepting its terms and cannot avoid the effect of the document by asserting they he or she did not read or understand the contents of the document. *Pimpinello v. Swift & Co.,* 253 N.Y. 159 (1930); *Saxony Ice Co., Div. of Springdale Ice Co., Inc v. Little Mary's American Bistro,* 243 A.D.2d 700 (2nd Dept.1997); and *Martino v. Kaschak,* 208 A.D.2d 698 (2nd Dept.1994).

*4 If the internet was the only place the information regarding the topping up requirements of the 18 cents per minute plan was available, the claim might be sustainable. Some customers may not have access to computers or the internet.

However, the topping up requirements of the 18 cents per minute plan were clearly and unequivocally described in the Terms of Service booklet that was provided to every purchaser of every phone. In order for Ballas to sustain her breach of contract cause of action, this Court would have to completely disregard the information and explanation of the topping up requirements contained in the Terms of Service booklet which Ballas and the other members of the purported class indisputably received.

The breach of contract action is barred by the documentary evidence. Thus, it must be dismissed.

C. *General Business Law §§ 349, 350*

General Business Law § 349 prohibits deceptive business practices. The statute makes actionable conduct which does not rise to the level of common law fraud. *Gaidon v. Guardian Life Ins. Co. Of America,* 94 N.Y.2d 330 (1999).

The statute provides a remedy to those who have been subject to deceptive or misleading acts or business practices that are consumer oriented. *Oswego Laborers Local 214 Pension Fund v. Marine Midland Bank, N.A.,* 85 N.Y.2d 20 (1995). A de-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

18 Misc.3d 1106(A), 856 N.Y.S.2d 22, 2007 WL 4532509 (N.Y.Sup.), 2007 N.Y. Slip Op. 52441(U)
(Table, Text in WESTLAW), Unreported Disposition
(Cite as: 18 Misc.3d 1106(A), 2007 WL 4532509 (N.Y.Sup.))

ceptive act or practice for the purposes of the statute is one which is likely to mislead a reasonably prudent consumer. *Karlin v. IVF, America, Inc.*, 93 N.Y.2d 282 (1999).

The elements of a claim under General Business Law § 349 are: "(1) a deceptive consumer-oriented act or practice which is misleading in a material respect, and (2) injury resulting from such act. (Citations omitted)." *Andre Strishak & Assoc., P.C. v. Hewlett Packard Co.*, 300 A.D.2d 608, 609 (2nd Dept.2002). See also, *Solomon v. Bell Atlantic Corp.*, 9 AD3d 49 (1st Dept.2004).

No claim can be made pursuant to General Business Law § 349 when the allegedly deceptive activity or practice is fully disclosed. *Broder v. MBNA Corp.*, 281 A.D.2d 369 (1st Dept.2001); and *Sands v. Ticketmaster-New York, Inc.*, 207 A.D.2d 687 (1st Dept.1994), *lv dism. in part and den. in part*, 85 N.Y.2d 904 (1995).

General Business Law § 350 prohibits false advertising. The elements of a cause of action for violation of this statute are "... that the advertisement (1) had an impact on consumers at large, (2) was deceptive or misleading in a material way, and (3) resulted in injury (see *Scott v. Bell Atl Corp.*, 282 A.D.2d 180, 183-184, mod. on other grounds 98 N.Y.2d 314). Similarly, the test is whether the advertisement is likely to mislead a reasonable consumer action reasonably under the circumstances' (*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, [85 N.Y.2d at 26]; *Scott v. Bell Atl. Corp.*, supra at 184)." *Andre Strishak & Assocs, P.C. v. Hewlett Packard Co.*, supra at 609.

An action may not be maintained for a violation of General Business Law § 350 unless the plaintiff pleads that he or she relied upon the advertisement at the time of the purchase of the product. *Gale v. International Business Machines Corp.*, 9 AD3d 446 (2nd Dept.2004); and *Andre Strishak & Assocs. P.C. v. Hewlett Packard Co.*, supra.

*5 Plaintiff's cause of action under General Business Law §§ 349, 350 fails because the topping-up requirements of the 18 cent per minute plan were fully revealed in the Terms of Service booklet that was provided to her and all purchasers of Virgin cell phones. The Terms of Service booklet specifically provides: "Your Pay-by-the Minute account will remain active for 90 days after you top-up at least $20 (or $15 if you selected the $15 Auto Top-up option) and 45 days (up to a maximum of 90 days) after you top-up at least $10 (The "Active Period"). You can make calls and use Virgin XL or Virgin Xtras if you have a positive account balance sufficient to pay for the services. If you don't top-up again sometime during that 45 day or 90 day Active Period, you Pay-by-the-Minute account will become inactive on the dayfollowing the expiration of the Active Period. Inactive means you can't make or receive calls (other than 911 emergency calls), send or receive text messages, download ringtones, anything even if you have money in your account..

During the next 60 days (the "Inactive Period") you can top-up your account and make it active again. All of the airtime in your account will be renewed for another 90 days if you top-up at least $20 (or $15 if you select the $15

Auto Top-Up option) and 45 days if you top-up at least $10, and you get to keep your phone number. However, if you do not top-up during the 60 day Inactive Period, your Pay-by-the-Minute account will expire and we will deactivate your service. You will lose your phone number and Virgin Mobile will assess you a termination charge equal to the value of the airtime in your account. At that point, you'll have to re-active and go through the fun and easy activation process again."

When one signs up for a pay-by-the-minute plan online, one receives similar if not identical information. Furthermore, when one signs up for cell phone service on-line, one must click a prompt indicating that the customer agrees to the terms of such service before being permitted to continue

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

18 Misc.3d 1106(A), 856 N.Y.S.2d 22, 2007 WL 4532509 (N.Y.Sup.), 2007 N.Y. Slip Op. 52441(U)
(Table, Text in WESTLAW), Unreported Disposition
(Cite as: 18 Misc.3d 1106(A), 2007 WL 4532509 (N.Y.Sup.))

with the activation process.

In order to sustain the claims under either the General Business Law § 349 or § 350, the Court would have to find that Plaintiff's failure to read the Terms of Service online or in the booklet was excusable. Inasmuch as one is obligated to read an agreement before assenting to its terms, Plaintiff cannot avoid the agreement by asserting she did not read or understand it. See, e.g., *Pimpinello v. Swift & Co., supra.*

The Terms of Service booklet clearly explains the terms of the pay-by-the-minute plan and its terms. Thus, the allegedly deceptive practice was fully revealed and explained to Plaintiff mandating dismissal of the General Business Law § 349 claim.

Nor can Ballas claim that she reasonably relied upon the advertisement when the information regarding the topping up requirement of the pay-by-the-minute plan was fully disclosed to her before she activated the phone. Dismissal of the General Business Law § 350 claim is also warranted.

*6 Accordingly, it is,

**ORDERED,** the Defendants' motion to dismiss the complaint is **granted** and the complaint is hereby dismissed.

This constitutes the decision and Order of the Court.

N.Y.Sup.,2007.
Ballas v. Virgin Media, Inc.
18 Misc.3d 1106(A), 856 N.Y.S.2d 22, 2007 WL 4532509 (N.Y.Sup.), 2007 N.Y. Slip Op. 52441(U)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.