# EXHIBIT 20

H
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. New York.
In re FOSAMAX PRODUCTS LIABILITY LITIGATION.
This Document Relates to Elizabeth K. Brown, Plaintiff,
v.
Merck & Co. Inc, and Smithkline Beecham Corporation d/b/a Glaxosmithkline, Defendants.

MDL No. 1789.
No. 09 Civ. 1412(JFK).
April 9, 2010.

*Memorandum Opinion & Order*
JOHN F. KEENAN, District Judge.

*1 Plaintiff Elizabeth K. Brown filed the instant action against Merck Sharp & Dohme Corporation ("Merck") and Smithkline Beecham Corporation ("GSK"), alleging that she sustained personal injuries from the prescription osteoporosis drugs Fosamax, which is manufactured by Merck, and Boniva, which is marketed by GSK. Plaintiff brings claims for strict liability, negligence, negligent misrepresentation, fraudulent concealment, and breach of implied and express warranties. GSK moves to dismiss all claims asserted against it for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is granted.

On a motion to dismiss under Rule 12(b)(6), the court must accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.,* 517 F.3d 104, 115 (2d Cir.2008). To survive the 12(b)(6) motion, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Labels, conclusions, "naked assertions devoid of further factual enhancement," and "[t]hreadbare recitals of the elements of a cause of action" are not afforded the same presumption of truth as well-pleaded factual allegations and are insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotations omitted). After the court strips away conclusory allegations, there must remain sufficient well-pleaded factual allegations to "nudge [plaintiff's] claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

GSK argues that Plaintiff fails to state a claim against it because the Complaint does not allege a single factual allegation to support her causes of action. More specifically, GSK contends that Plaintiff has not alleged that she ever took Boniva.

Setting aside the introductory portions of the Complaint in which Plaintiff identifies the parties and sets forth the alleged basis for jurisdiction and venue, the Complaint is separated into two sections, labeled "factual background" and "counts." Neither contains sufficient factual allegations to make plausible the claims asserted against GSK.

Plaintiff cannot rely on the conclusory allegations contained within the "counts" section of the Complaint, which contains nothing more than "threadbare recitals of the elements of a cause of action." *Iqbal,* 129 S.Ct. at 1949. For example, Plaintiff attempts to rebuff GSK's claim that the Complaint does not contain an allegation that she ever took Boniva by directing the Court to the subsection of the Complaint dedicated to her strict liability claim, in which she alleges that: (1) "Plaintiff used Fosamax and Boniva as prescribed and in a manner normally intended, recommended, promoted, and marketed by Defendant"; and (2) " Fosamax and Boniva failed to perform safely when

used by ordinary consumers, including Plaintiff, including when it was used as intended and in a reasonably foreseeable manner." (Compl.¶¶ 40-41.) Although these statements are based on the assumption that Plaintiff took Boniva, the Court cannot deconstruct a conclusory statement and construe certain fragments as well-pleaded factual allegations.

*2 The "factual background" section of the Complaint-the section which would most logically contain the factual allegations that underpin her claims-spans twenty-six paragraphs, but contains only one reference to Boniva or GSK. *See id.* ¶ 11 ("Defendants, either directly or through [their] agents, apparent agents, servants, or employees, at all relevant times, designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax and Boniva."). The allegations contained in the other twenty-five paragraphs generally pertain to Plaintiff's use of Fosamax, the drug's qualities, and the information Merck purportedly knew or should have known about its risks. For example, whereas Plaintiff alleges that she took Fosamax from approximately March 2000 to December 2007, she does not specify anywhere in the Complaint if, when, or for how long she took Boniva. *See id.* ¶ 30. Similarly, Plaintiff alleges that she was diagnosed with "severe osteonecrosis of the jaw" in December 2007 as a "direct and proximate result of using Fosamax," but makes no similar allegation that she sustained any injury as a result of taking Boniva. *Id.* ¶¶ 30, 32. Further highlighting the lack of factual allegations regarding GSK or Boniva is Plaintiff's repeated reference to "defendant," in the singular form, as if she clumsily copied these factual allegations from one of the many complaints in this multi-district litigation that asserts claims solely against Merck.

In sum, the underlying factual allegations make no reference to GSK and do not allow the Court to draw the inference that Plaintiff took Boniva or that it caused her alleged injury. Therefore, GSK's motion to dismiss is granted. All claims asserted against GSK are hereby dismissed without prejudice. Plaintiff is granted leave to replead and shall file and serve an amended complaint within thirty (30) days from the date of entry of this Memorandum Opinion and Order.

**SO ORDERED.**

S.D.N.Y.,2010.
In re Fosamax Products Liability Litigation
Slip Copy, 2010 WL 1654156 (S.D.N.Y.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.