# EXHIBIT 23

Not Reported in F.Supp.2d, 2005 WL 2584158 (S.D.N.Y.)
**(Cite as: 2005 WL 2584158 (S.D.N.Y.))**

**H**
Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
Lewis SMALL, Individually and as Trustee of the Richard Small Voting Trust and the American Independent Company Voting Trust, Richard Small, David Wilstein, Leonard Wilstein, Denise Wilstein, Gary Wilstein, Ronald Wilstein and Frederick Gitterman, Plaintiffs,
v.
ARCH CAPITAL GROUP, LTD., American Independent Insurance Holding Company, TDH Capital Partners, TDH III, L.P., Joseph King, William B. Lockhorn and BCI Holdings, Inc., Defendants.

No. 03 Civ. 5604(JFK).
Oct. 12, 2005.

*OPINION and ORDER*
KEENAN, J.

*1 Plaintiffs move to vacate the judgment in this matter pursuant to Local Civil Rule 6.3 and Fed.R.Civ.P. 59(e), 11(a) and 6(b), and for leave to file their Second Amended Complaint. For the reasons that follow, the Court grants the motion.

*BACKGROUND*
In an Opinion and Order entered on March 24, 2005, the Court granted a motion to dismiss the 1934 Act claim under Fed.R.Civ.P. 9(b) because of Plaintiffs' failure to plead scienter adequately, and dismissed the remainder of the Amended Complaint pursuant to 28 U.S.C. § 1367(c)(3). In its discretion, the Court granted Plaintiffs leave to file a Second Amended Complaint ("Complaint") and set a filing deadline of April 15, 2005. Plaintiffs' counsel served the Complaint on that date and deposited a copy in the Court's night depository box. (McNamara Aff. ¶ 3). There is no dispute that this copy of the Complaint and the accompanying certificate of service bore a photocopied, not an original, rendition of counsel's signature. (*See id.* ¶ 6).

The Court rejected the Complaint pursuant to Fed.R.Civ.P. 11(a) and Local Civil Rule 11.1(a), which require that pleadings be signed. *See Becker v. Montgomery,* 532 U.S. 757 (2001) (attorney's typed name is not a signature for Rule 11 purposes). On April 21, 2005, counsel received the Complaint and a rejection memorandum from the Court. (*Id.* ¶ 5). The memorandum did not specify the nature of the rules violation, so counsel telephoned the Clerk's office for an explanation. Based on this conversation and his own review of the Complaint, he surmised the problem. (*Id.* ¶ 6). [FN1]

FN1. Both in his affidavit and in the memorandum of law, Mr. McNamara refers to receiving the mailing from the Court and telephoning the clerk's office on "April 21, 2004." (McNamara Aff. ¶¶ 5-6; Pl. Mem. at 3). The Court presumes he means "2005."

On April 25, 2005, counsel submitted a duplicate Complaint and certificate of service, this time with original signatures. (*Id.* ¶ 7). He also had a letter hand-delivered to the Court, dated the same day, apologizing for the oversight and requesting that the Court deem the Complaint timely *nunc pro tunc,* or extend the time for filing to April 25, 2005. (*Id.,* Exh. D). By this time, however, the filing deadline of April 15, 2005 had passed. The Court again rejected the Complaint, and the Clerk's office forwarded to counsel a memorandum dated April 27, 2005 that read: "Leave to file ended on 4-15-05." (McNamara Aff., Exh. E). At this point, the Clerk's office already had entered a judgment dismissing the action with prejudice.

Plaintiffs have filed a timely motion for vacatur of the judgment under Rule 59(e) and Local Civil Rule 6.3, and for permission to file their Complaint. They argue that the judgment was entered in error because Rule 11(a) permits prompt correction of unsigned submissions after notice of the error. (Pl. Mem. at 5). Alternatively, Plaintiffs argue that the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Court should extend the April 15, 2005 filing deadline under Fed.R.Civ.P. 6(b). Because the Court finds the Rule 11 argument persuasive, there is no need to extend the filing deadline under Rule 6(b).

## DISCUSSION

The Court treats Local Civil Rule 6.3 and Fed.R.Civ.P. 59(e) together because the analysis under both rules is identical. *Williams v. N.Y. City Dep't of Corrections,* 219 F.R.D. 78, 83 (S.D.N.Y.2003).[FN2] Under either rule, the movant "must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." *Parrish v. Sollecito,* 253 F.Supp.2d 713, 715 (S.D.N.Y.2003). The Court can find no overlooked factual matters, and Plaintiffs highlight none. Accordingly, the focus is on the law.

> FN2. Plaintiffs need not have cited Local Civil Rule 6.3. In fact, under this rule the Court would have no obligation to consider Mr. McNamara's affidavit. The Court therefore refers only to Rule 59(e) for the remainder of this Opinion.

*2 At the outset, the Court rejects Defendants' argument that Plaintiffs are barred from making the instant motion because it merely re-opens an already-decided matter. (Def. Mem. at 8). The Court presumes that Defendants refer to the "law of the case" doctrine, which provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Arizona v. California,* 460 U.S. 605, 618 (1982). This doctrine does not prevent the instant challenge to the judgment as clearly erroneous. *See id.* at 618 n. 8. The Court also disagrees with Defendants' argument that Plaintiffs should have brought the instant motion under Fed.R.Civ.P. 60(b), not Rule 59(e). A motion to vacate that challenges the correctness of a judgment may be made under Rule 59(e). *See Foman v. Davis,* 371 U.S. 178, 181 (1962) (approving treatment of a motion to vacate a judgment as a motion pursuant to Rule 59(e)); *Lyell Theater Corp. v. Loews Corp.,* 682 F.2d 37, 41 (2d Cir.1982) (same).

Plaintiffs argue that the judgment should be vacated because Rule 11 excuses the omission of an original signature from the attempted filing of the Complaint on April 15, 2005. The Rule states in relevant part:

Every pleading, written motion and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party.... An unsigned paper shall be striken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

Fed.R.Civ.P. 11(a); *see also* Local Civil Rule 11.1(a) (name of signatory must be typed or printed "below the signature"). The Supreme Court has interpreted Rule 11 to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery,* 532 U.S. 757, 764 (2001).

Plaintiffs' counsel claims that he received the Court's mailing of the rejected Complaint on Thursday, April 18, 2005 and filed the corrected version on Monday, April 22, 2005. In the Court's view, this was both a prompt and proper Rule 11 correction. *See* Fed.R.Civ.P. 11 advisory committee's note, *reprinted in* 146 F.R.D. 401, 584 (1993) ("Correction can be made by signing the paper on file or by submitting a duplicate that contains the signature."). As Defendants already had been timely served with the Complaint, the Court sees no prejudice to Defendants in allowing Plaintiffs to correct an inadvertent technical defect in their filing with the Court. *See Grant v. Morgan Guar. Trust Co. of New York,* 638 F.Supp. 1528, 1531 n. 6 (S.D.N.Y.1986); 5A Wright & Miller, *Federal Practice & Procedure* § 1333 (3d ed. 2004) ("[I]n the absence of prejudice, the district court can treat the defect as technical and should grant leave to

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

correct a failure to sign...."). 

Defendants contend that corrective action under Rule 11(a) does not extend filing deadlines. (Def. Mem. at 12). This argument flies in the face of the plain language of the Rule, which provides that the "unsigned paper" is stricken unless counsel fails to promptly correct the error. As counsel has made the prompt correction, the unsigned paper (which was timely) may be accepted, even if the correction is after the deadline. In the absence of prejudice, it makes little sense to grant the opportunity to make a technical correction to a pleading under Rule 11, only to strike the pleading anyway because the correction necessarily occurs after the deadline. As the Supreme Court has instructed: "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Foman,* 371 U.S. at 181.

\*3 The Court does not intend to condone violations of Rule 11 or to imply that a technical error would not cause a paper to be stricken under different circumstances. After considering the submissions on this motion, however, the Court is convinced that counsel's error was inadvertent, that Defendants are not prejudiced by the correction to the Complaint, and that Rule 11(a) favors the correction in this situation. The judgment dismissing the Complaint was erroneous and should be vacated.

## CONCLUSION

Plaintiffs' motion to vacate the judgment is granted. The Clerk of the Court is directed to vacate the judgment entered April 26, 2005 and re-open this case. Plaintiffs are directed to file their corrected Second Amended Complaint no later than October 28, 2005. Defendants may answer or move with respect to this Complaint no later than December 21, 2005.

SO ORDERED.

S.D.N.Y.,2005.

Small v. Arch Capital Group, Ltd.
Not Reported in F.Supp.2d, 2005 WL 2584158 (S.D.N.Y.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.