# EXHIBIT 24

Slip Copy, 2009 WL 3444887 (S.D.N.Y.)
(Cite as: 2009 WL 3444887 (S.D.N.Y.))

H
Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
SOTHEBY'S, INC., Plaintiff,
v.
Halsey MINOR, Defendant.

No. 08 Civ. 7694(BSJ)(HBP).
Oct. 26, 2009.

West KeySummary Antitrust and Trade Regulation 29T ⇐162

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and Consumer Protection
        29TIII(B) Particular Practices
            29Tk162 k. Omissions and Other Failures to Act in General; Disclosure. Most Cited Cases

The buyer of paintings at an auction had no claim against the auctioneer for engaging in a deceptive practice in violation of New York law by failing to disclose security interests against the former owner's interest in the paintings. The buyer did not claim that the security interest survived the auction or that the mere presence of a security interest otherwise decreased the value of the works. He also did not allege that the paintings were auctioned at an inflated price because of the failure to disclose the security interest. In fact he set the price. No logical connection existed between auctioneer's failure to disclose a security interest and any actual or potential injury to either the buyer or the public. SPSSMcKinneGeneral Business Law § 349SSSP.

*OPINION AND ORDER*
PITMAN, United States Magistrate Judge.
I. *Introduction*
    *1 By notice of motion dated April 9, 2009, (Docket Item 30), defendant Halsey Minor moves for leave to amend his counterclaim. Plaintiff Sotheby's, Inc. ("Sotheby's") opposes the motion to the extent that Minor seeks to add counterclaims for breach of fiduciary duty and violation of New York General Business Law Section 349. For the reasons set forth below, defendant's motion is denied to the extent he seeks to assert claims for breach of fiduciary duty and violation of New York General Business Law Section 349 and granted in all other respects.

II. *Facts*
    This is an action for breach of contract. Sotheby's that Minor had contracted to purchase three works of art from Sotheby's, but never paid the amounts due under the contracts (Complaint, dated Sept. 2, 2008 (Docket Item 1)). Minor originally asserted one counterclaim for reformation of contract and now seeks to amend his answer to withdraw his counterclaim for reformation and assert counterclaims for rescission, breach of fiduciary duty and violation of New York General Business Law Section 349. In support of his proposed counterclaims, Minor alleges the following facts.

    In February 2008, Minor contacted Dara Mitchell, the Director of the American Paintings Department at Sotheby's, for advice about American art (Defendant's [Proposed] First Amended Answer, Counterclaims, and Jury Demand, dated April 9, 2009, ("Am.Answer"), ¶¶ 6-7). According to Minor, "Mitchell agreed to advise [him] about American art generally" and to "negotiate with dealers and sellers-irrespective of their relationship to Sotheby's-on [his] behalf for the purchase of certain works" (Am. Answer ¶¶ 7-8).

    Mitchell and Minor communicated about a painting entitled "The Peaceable Kingdom with the Leopard of Serenity" by Edward Hicks ("The Peaceable Kingdom") between February and April 2008 (Am. Answer ¶¶ 12-17). During this time Mitchell "repeatedly praised the work and encouraged Mr. Minor to purchase it" (Am. Answer ¶ 12). Minor did not attend the May 22, 2008 auction at

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

which the Peaceable Kingdom auctioned. Rather, Mitchell informed Minor of the progress of the auction by telephone and bid on Minor's behalf (Am. Answer ¶ 18). Minor was the successful bidder for the Peaceable Kingdom (Am. Answer ¶ 19).

Minor subsequently discovered that Sotheby's had a security interest in The Peaceable Kingdom. Specifically, a debt owed to Sotheby's by the painting's owner, Ralph Esmerian, was secured by the painting (Am. Answer ¶ 20). Minor also alleges that two of Esmerian's other creditors filed collection actions against him in January 2008 and that Sotheby's sold The Peaceable Kingdom "in order to reduce or eliminate the debt Mr. Esmerian owed to Sotheby's" (Am. Answer ¶¶ 22, 25).

Minor contends that neither Mitchell nor Sotheby's disclosed this security interest to him prior to the auction (Am. Answer ¶ 26). The catalog for the auction in question did contain a notice that "lots with [a triangle] symbol indicate that Sotheby's owns the lot in whole or in part or has an economic interest in the lot equivalent to an ownership interest." However no such symbol appeared next to the listing for The Peaceable Kingdom (Am. Answer ¶¶ 28-29).

*2 On the same day, Minor was also the highest bidder for "Carriage in Winter, Paris" by Childe Hassam ("Carriage in Winter") (Am. Answer ¶¶ 30-31). Sotheby's also had a security interest in this painting. Specifically, Sotheby's loaned $6,000,000 to the owners of Carriage in Winter, secured by the painting (Am. Answer ¶¶ 32-34). Neither Mitchell nor Sotheby's disclosed this interest to Minor before the auction nor was Carriage in Winter designated with the triangle symbol in the auction catalog (Am. Answer ¶¶ 35, 37).

Minor originally asserted a counterclaim for reformation of the contract for purchase of The Peaceable Kingdom, or, in the alternative, for rescission of this contract (Answer, dated September 22, 2008 (Docket Item 6)).

One month after Sotheby's commenced this action, Minor brought an action against Sotheby's in the Northern District of California alleging, *inter alia*, breach of fiduciary duty and violation of New York General Business Law Section 349 (California Complaint, attached as Exhibit A to Declaration of Lee A. Weiss in Support of Defendant's Motion for Leave to File an Amended Answer, Counterclaims, and Jury Demand, ("Weiss Decl."), ¶¶ 37-47, 51-65). On January 6, 2009, the Honorable Barbara S. Jones, United States District Judge, granted Sotheby's motion to enjoin prosecution of the California action because the two cases involved the same parties and issues and the New York action was filed first (Order, dated Jan. 6, 2009 (Docket Item 25)). The following day, the California court granted Sotheby's motion to dismiss for the same reasons (Order, dated Jan. 7, 2009, attached as Exhibit B to Weiss Decl.).

Minor now seeks to (1) amend his original counterclaim to seek rescission rather than reformation with respect to The Peaceable Kingdom, (2) add a new counterclaim for rescission of the contract for purchase of Carriage in Winter, (3) add new counterclaims for breach of fiduciary duty and violation of New York General Business Law Section 349. Sotheby's opposes amendment only with respect to the new counterclaims for breach of fiduciary duty and violation of Section 349 (Sotheby's Opposition to Defendant's Motion for Leave to Amend, dated May 12, 2009 (Docket Item 38), ("Pl's Opp."), at 1).

III. *Analysis*

A. *Standards Applicable to a Motion to Amend*

The standards applicable to a motion to amend a pleading are well settled and require only brief review. Leave to amend a pleading should be freely granted when justice so requires. Fed.R.Civ.P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *McCarthy v. Dunn & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir.2007); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.,* 404

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 3444887 (S.D.N.Y.)
(Cite as: 2009 WL 3444887 (S.D.N.Y.))

F.3d 566, 603-04 (2d Cir.2005); *Dluhos v. Floating & Abandoned Vessel, Known as "New York"*, 162 F.3d 63, 69 (2d Cir.1998); *Gumer v. Shearson, Hamill & Co.*, 516 F.2d 283, 287 (2d Cir.1974); *Aniero Concrete Co. v. New York City Constr. Auth.*, 94 Civ. 9111(CSH), 1998 WL 148324 at *7 (S.D.N.Y. Mar. 30, 1998) (Haight, J.), *aff'd sub nom.*, *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566 (2d Cir.2005). "Nonetheless, the Court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) would be futile." *Lee v. Regal Cruises, Ltd.*, 916 F.Supp. 300, 303 (S.D.N.Y.1996) (Kaplan, J.), *aff'd*, 116 F.3d 465 (2d Cir.1997); *see McCarthy v. Dunn & Bradstreet Corp., supra*, 482 F.3d at 200; *Ellis v. Chao*, 336 F.3d 114, 126-27 (2d Cir.2003); *Montefiore Med. Ctr. v. Am. Prot. Ins. Co.*, 00 Civ. 3235(LTS), 2003 WL 21108261 at *1 (S.D.N.Y. May 14, 2003) (Swain, J.); *Am. Home Assurance Co. v. Jacky Maeder (Hong Kong) Ltd.*, 969 F.Supp. 184, 187-88 (S.D.N.Y.1997) (Kaplan, J.).

*3 A proposed amended pleading is futile when it fails to state a claim. *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990); *Mina Inv. Holdings Ltd. v. Lefkowitz*, 184 F.R.D. 245, 257 (S.D.N.Y.1999) (Sweet, J.); *Parker v. Sony Pictures Entm't, Inc.*, 19 F.Supp.2d 141, 156 (S.D.N.Y.1998) (Kaplan, J.), *aff'd in pertinent part, vacated in part on other grounds sub nom., Parker v. Columbia Pictures Indus.*, 204 F.3d 326 (2d Cir.2000); *Yaba v. Cadwalader, Wickersham & Taft*, 931 F.Supp. 271, 274 (S.D.N.Y.1996) (Koeltl, J.); *Prudential Ins. Co. v. BMC Indus., Inc.*, 655 F.Supp. 710, 711 (S.D.N.Y.1987) (Sweet, J.); *see generally Dluhos v. Floating & Abandoned Vessel known as "New York", supra*, 162 F.3d at 69-70. The party opposing the amendment has the burden of demonstrating that leave to amend would be futile. *Staskowski v. County of Nassau*, 05 Civ. 5984(SJF) (WDW), 2007 WL 4198341 at *4 (E.D.N.Y. Nov. 21, 2007) ("It is axiomatic that the party opposing an amendment has the burden of establishing that leave to amend would be futile."); *Lugosch v. Congel*, 00-CV-784, 2002 WL 1001003 at *1 (N.D.N.Y. May 14, 2002); citing *Blaskiewicz v. County of Suffolk*, 29 F.Supp.2d 134, 137-38 (E.D.N.Y.1998).

Leave to amend may be denied as futile "where the claim or defense proposed to be added has 'no colorable merit' ". *Oliver v. Demarinis & Co.*, 90 Civ. 7950(SS), 1993 WL 33421 at *2 (S.D.N.Y. Jan. 29, 1993) (Sotomayor, D.J.) (citation omitted); *see also Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 783 (2d Cir.1984) (if the movant has "colorable grounds for relief," justice requires that leave to amend be granted). The "colorable grounds requirement mandates that a district court may not deny a motion for leave to amend a pleading when said pleading is sufficient to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Children First Found. Inc. v. Martinez*, 04 Civ. 0927(NPM), 2007 WL 4618524 at *5 (N.D.N.Y. Dec. 27, 2007), citing *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir.2007); *Estate of Ratcliffe v. Pradera Realty Co.*, 05 Civ. 10272(JFK), 2007 WL 3084977 at *4 (S.D.N.Y. Oct. 19, 2007) (Keenan, J.); *Journal Publ'g Co. v. Am. Home Assur. Co.*, 771 F.Supp. 632, 635 (S.D.N.Y.1991) (Leisure, J.); *Prudential Ins. Co. v. BMC Indus., Inc., supra*, 655 F.Supp. at 711 (Although leave to amend should be freely given, "it is inappropriate to grant leave when the amendment would not survive a motion to dismiss.").

An amendment to a pleading may therefore be denied as futile if a defendant can show that there is no "set of facts consistent with the allegations in the complaint" which would entitle plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To survive a motion to dismiss, plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly, supra*, 550 U.S. at 555

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

(overruling the standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) that a motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *see also Oliver Schools, Inc. v. Foley,* 930 F.2d 248, 252 (2d Cir.1991) (discussing the standard for denying an amendment as futile prior to *Bell Atlantic* ); *Blaskiewicz v. County of Suffolk, supra,* 29 F.Supp.2d at 138 (same).

*4 The Court of Appeals has also repeatedly noted that the trial court has "broad" discretion in ruling on a motion to amend. *Local 802, Assoc. Musicians v. Parker Meridien Hotel,* 145 F.3d 85, 89 (2d Cir.1998); *Krumme v. Westpoint Stevens Inc.,* 143 F.3d 71, 88 (2d Cir.1998); *see generally Grace v. Rosenstock,* 228 F.3d 40, 53-54 (2d Cir.2000).

### B. *Futility of the Proposed Amendments*

#### 1. *New York General Business Law Section 349*

Minor claims that Sotheby's engaged in deceptive practice in violation of New York General Business Law Section 349 by failing to disclose its economic interest in the The Peaceable Kingdom and Carriage in Winter (Am. Answer ¶ 83). In support of this claim, Minor cites New York City Department of Consumer Affairs ("DCA") regulations which require auctioneers to disclose any interest they have in items that are up for auction (Am. Answer ¶ 80). Sotheby's argues that Minor's deceptive practices claim is futile becuase (i) it is inconsistent with his rescission counterclaim under the doctrine of election of remedies, (ii) it is based entirely on DCA regulations, for which there is no private right of action, and (iii) Minor has failed to properly allege that he was injured as a result of the deceptive practices (Pl's Opp. at 21-24).

New York General Business Law Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" and provides that "any person who has been injured by reason of any violation of this section may bring an action in his own name" for an injunction or damages. In order to state a claim under Section 349, a party must allege that: "(1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Spagnola v. Chubb Corp.,* 574 F.3d 64, 74 (2d Cir.2009), citing *Maurizio v. Goldsmith,* 230 F.3d 518, 521 (2d Cir.2000) (*per curiam* ); *City of New York v. Smokes-Spirits.Com, Inc.,* 541 F.3d 425, 455 (2d Cir.2008), *cert. granted,* --- U.S. ----, 129 S.Ct. 2159, 173 L.Ed.2d 1155 (2009). Moreover, "the gravamen of [a Section 39] complaint must be consumer injury or harm to the public interest." *Securitron Magnalock Corp. v. Schnabolk,* 65 F.3d 256, 264 (2d Cir.1995); *SMJ Group, Inc. v. 417 Lafayette Rest. LLC,* 06 Civ. 1774(GEL), 2006 WL 2516519 at *4 (S.D.N.Y. Aug. 30, 2006) (Lynch, J.); *City of New York v. Cyco.net, Inc.,* 383 F.Supp.2d 526, 563-64 (S.D.N.Y.2005) (Batts, J.), citing *Maurizio v. Goldsmith,* 230 F.3d 518, 522 (2d Cir.2000).

Sotheby's argues that Minor's deceptive practices counterclaim is barred by the doctrine of election of remedies because it is inconsistent with his claims for rescission (Pl's Opp. at 22-23). "The election of remedies rule bars the pursuit of alternative relief after a party has 'chosen one of two or more co-existing inconsistent remedies, and in reliance upon that election, that party must also have gained an advantage, or the opposing party must have suffered some detriment.' " *see Sofi Classic S.A. de C.V. v. Hurowitz,* 444 F.Supp.2d 231, 238 (S.D.N.Y.2006) (Marrero, J.), quoting *331 East 14th St. LLC v. 331 East Corp.,* 293 A.D.2d 361, 361, 740 N.Y.S.2d 327, 328 (1st Dep't 2002). Among other things, the doctrine of election of remedies provides that "a party must elect either an action for rescission of the contract or an action for damages." *Vista Co. v. Columbia Pictures Indus., Inc.,* 725 F.Supp. 1286, 1295 (S.D.N.Y.1989) (Sand, J.), citing *Croce v. Kurnit,* 565 F.Supp. 884, 894 (S.D.N.Y.1982) (Sweet, J.), *aff'd,* 737 F.2d 229

(2d Cir.1984); see *Sofi Classic S.A. de C.V. v. Hurowitz, supra*, 444 F.Supp.2d at 238; see also *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 768 F.Supp. 115, 117 (S.D.N.Y.1991) (Leisure, J.).

**\*5** Although a party may not be awarded relief under inconsistent theories, inconsistent theories of recovery are permitted at the pleading stage. Fed.R.Civ.P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency"); *Nova Int'l, Inc. v. Am. Express Bank, Ltd.*, 94 Civ. 8536, 1996 WL 39317(DC) at \*5 (Jan. 31, 1996) (Chin, J.) ("a plaintiff is not required to make an election of remedies at the pleading stage"); see *Croce v. Kurnit, supra*, 565 F.Supp. at 894, ("[e]lection is to be made after trial."); *Goldstein v. Cogswell*, 85 Civ. 9256(KMW), 1991 WL 60420 at \*17 (S.D.N.Y. Apr. 11, 1991) (Dolinger, J.) ("it is clear that such a election should not be required until after trial"); *Vista Co. v. Columbia Pictures Indus., Inc., supra*, 725 F.Supp. at 1295 (same); see *Navigant Consulting, Inc. v. Kostakis*, CV-07-2302 (CPS)(JMA), 2007 WL 2907330 at \*4 (E.D.N.Y. Oct. 4, 2007) (tort and rescission claims can be pled simultaneously); *Allied Irish Banks, P.L.C. v. Bank of Am., N.A.*, 03 Civ. 3748(DAB), 2006 WL 278138 at \*13 (S.D.N.Y. Feb. 2, 2006) (Batts, J.) ("tort and rescission claims may be pleaded simultaneously as alternative causes of action"). Indeed, none of the cases cited by Sotheby's is to the contrary. See *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., supra*, 768 F.Supp. at 117 (granting leave to replead rescission claim based on fraudulent inducement despite previous dismissal of fraud claim for failure to plead damages); *Ajettix Inc. v. Raub*, 9 Misc.3d 908, 919-20, 804 N.Y.S.2d 580, 592-93 (Sup.Ct.2005) (determining that plaintiff had elected remedy of rescission by moving for summary judgment on rescission claim). Therefore, any inconsistency among Minor's claims does not render his deceptive practices claim futile at this stage.

Sotheby's contention that Minor's Section 349 claim is futile because it is based entirely on DCA regulations is similarly without merit. A party cannot circumvent the absence of a private right of action pursuant to a statute by asserting that violation of the statute is a "deceptive practice" under Section 349. See *Conboy v. AT & T Corp.*, 241 F.3d 242, 257-58 (2d Cir.2001) (affirming dismissal of Section 349 claim alleging that defendant engaged in a "deceptive act" by violating a fair debt collection practices statute under which there is no private right of action).

However, drawing all inferences in Minor's favor, I find that his allegation of deceptive practices does not rest solely on an alleged violation of DCA regulations. Although he cites the regulations in support of his claim, there is no mention of the regulations in his allegation that Sotheby's failed to disclose its economic interests to Minor and the public (Am. Answer ¶ 79), and that such omission was "material" and "deceptive" (Am. Answer ¶ 85). See *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 200 (2d Cir.2005) (affirming dismissal of Section 349 claim where plaintiff failed to "make a free-standing claim of deceptiveness under GBL § 349"). Therefore, I find that Minor's Section 349 claim is not based solely on DCA regulations and, thus, does not fail because there is no private right of action under those regulations.

**\*6** Sotheby's is, however, correct in its contention that Minor has failed to identify any other basis for injury to the public at large as a result of the allegedly deceptive practices (Pl's Opp. at 24 n. 19). A claim under Section 349 must allege "consumer injury or harm to the public interest." See *City of New York v. Smokes-Spirits.com, Inc., supra*, 541 F.3d at 455; *City of New York v. Cyco.net, Inc., supra*, 383 F.Supp.2d at 563-64, citing *Maurizio v. Goldsmith, supra*, 230 F.3d at 522; see also *Gottlieb Dev., LLC v. Paramount Pictures Corp.*, 590 F.Supp.2d 625, 637 (S.D.N.Y.2008) (Chin, J.), quoting *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir.1995) ("[w]hether a plaintiff can bring a section 349 claim will depend

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

on 'whether the matter affects the public interest in New York.' ").

Minor asserts vaguely that he has been "injured" and "damaged" by Sotheby's conduct and that Sotheby's conduct "will continue to cause injury in fact to the general public," (Am. Answer ¶¶ 84, 85, 87). However, he does not allege any facts in support of these allegations. Moreover, the nature of any injury to either the public or Minor [FN1] cannot be inferred from the proposed amended counterclaim. *See Zeigan v. Blue Cross & Blue Shield of Greater N.Y.*, 607 F.Supp. 1434, 1437 (S.D.N.Y.1985) (Lasker, J.) (Party need not allege the precise nature of the injury so long as it can be inferred from the pleading itself). There is no logical connection between Sotheby's failure to disclose a security interest and any actual or potential injury to either Minor or the public. Minor does not allege that the security interest survived the auction or that the mere presence of a security interest otherwise decreased the value of the works. Furthermore, he does not allege that the paintings were auctioned at an inflated price because of the failure to disclose the security interest. To the contrary, because the paintings were sold at auction, Minor set the price for the paintings. Thus, the proposed counterclaim does not allege any facts from which consumer injury can be inferred.

> FN1. Because Minor's failure to allege harm to the public interest is fatal to his deceptive practices claim, I do not address Sotheby's argument that failure to identify injury to Minor himself renders his claim futile.

Absent facts from which harm to the public interest can be inferred, conclusory allegations of harm to the public interest do not state a claim under Section 349. *See Gottlieb Dev., LLC v. Paramount Pictures Corp., supra*, 590 F.Supp.2d at 637 (dismissing Section 349 claim where plaintiff provided only "conclusory and speculative allegations about how the public will be deceived" and did not "alleg[e] any facts that support the claim that it has been harmed by [defendant's] conduct."); *City of New York v. Cyco.net, Inc., supra*, 383 F.Supp.2d at 563-64 (Section 349 claim failed because plaintiff did not allege consumer injury or harm to the public interest and only an indirect injury could be inferred from allegations in the complaint); *Designers North Carpet, Inc. v. Mohawk Indus., Inc.*, 153 F.Supp.2d 193, 198 (E.D.N.Y.2001) (conclusory allegation that "unlawful actions of the defendant have caused damage and injury to both the plaintiff herein and to its consumer customers" did not adequately plead harm to the public interest); *La Cibeles, Inc. v. Adipar, Ltd.*, 99 Civ. 4129(AGS), 2000 WL 1253240 at *15 (S.D.N.Y. Sept. 1, 2000) (Schwartz, J.) (claim alleging only that the public was "likely to be harmed 'as a result of deceptive trade practices' " was "devoid of allegations showing the 'consumer injury or harm to the public interest that is required in order to state a claim under section 349.' ").

*7 Thus, because Minor has failed to properly allege consumer injury or harm to the public interest, amending the answer to include a counterclaim for violation of Section 349 would be futile.

2. *Breach of Fiduciary Duty*

Minor alleges that "Sotheby's breached its fiduciary duty to [him] when it intentionally and in bad faith concealed from ... Minor its economic interests in the Peaceable Kingdom and Carriage in Winter" (Am. Answer ¶ 73). Sotheby's argues that Minor's breach of fiduciary duty claim is futile because (i) it is inconsistent with his rescission counterclaim under the doctrine of election of remedies, and (ii) Minor has failed to properly allege that he was injured as a result of the breach.

As discussed above with respect to Minor's Section 349 claim, the Federal Rules of Civil Procedure expressly permit inconsistent theories of relief at the pleading stage. *Nova Int'l, Inc. v. Am. Express Bank, Ltd., supra*, 1996 WL 39317 at *5; *Croce v. Kurnit, supra*, 565 F.Supp. at 894; *Goldstein v. Cogswell, supra*, 1991 WL 60420 at *17.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Thus, Sotheby's argument that the proposed counterclaim fails because it is inconsistent with Minor's other claims is without merit. However, Minor's breach of fiduciary duty claim fails because he has not pled an injury with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Moreover, even if Minor's vague allegations of injury were sufficient to state a claim for breach of fiduciary duty, amendment to include this counterclaim would be futile for the additional reason that Minor does not properly allege the existence of a fiduciary duty.

In order to state a claim for breach of fiduciary duty under New York Law, a party must allege: "(1) that a fiduciary duty existed between plaintiff and defendant, (2) that defendant breached that duty, and (3) damages as a result of the breach." FN2 *Meisel v. Grunberg*, 07 Civ. 11610(PKL), 2009 WL 2777165 at *9 (S.D.N.Y. Aug. 31, 2009) (Leisure, J.), citing *Whitney v. Citibank. N.A.*, 782 F.2d 1106, 1115 (2d Cir.1986); *Gurvey v. Cowan, Liebowitz & Latman, PC.*, 06 Civ. 1202, 2009 WL 1117278 at *8 (S.D.N.Y. Apr.24, 2009) (Jones, J.). In addition, "where damages are sought for breach of fiduciary duty under New York law, the plaintiff must demonstrate that the defendant's conduct proximately caused injury in order to establish liability." *LNC Invs., Inc. & Charter Nat'l Life Ins. Co. v. First Fid. Bank, N.A. New Jersey*, 173 F.3d 454, 465-66 (2d Cir.1999) ("In the absence of a causal link between [the defendant's] alleged wrongful conduct and [the] plaintiff's alleged damages, the complaint must be dismissed."); *see also Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 592 F.Supp.2d 608, 624 (S.D.N.Y.2009) (Scheindlin, J.).

> FN2. Although some cases do not require an allegation of damages in order to state a breach of fiduciary duty claim, such cases involve claims against defendants who have been unjustly enriched as a result of the breach of fiduciary duty. *See Diamond v. Oreamuno*, 24 N.Y.2d 494, 498, 248 N.E.2d 910, 912, 301 N.Y.S.2d 78, 81 (1969) ("a corporate fiduciary, who is entrusted with potentially valuable information, may not appropriate that asset for his own use even though, in so doing, he causes no injury to the corporation"); *Zackiva Commc'ns Corp. v. Horowitz*, 826 F.Supp. 86, 88 (S.D.N.Y.1993) (Conboy, J.) (finding, in action to disgorge profit made by defendant, that "plaintiff need not allege damages to itself"); *see also DeGregorio v. Am. Bd. of Internal Med.*, 844 F.Supp. 186, 188 n. 3 (D.N.J.1994) (recognizing this distinction). Minor does not allege that Sotheby's has been unjustly enriched as a result of any breach of fiduciary duty.

Furthermore, a breach of fiduciary duty claim based on fraud must be pled with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. *Adelphia Recovery Trust v. Bank of Am., N.A.*, 624 F.Supp.2d 292, 319 (S.D.N.Y.2009) (McKenna, J.), citing *Frota v. Prudential-Bache Secs., Inc.*, 639 F.Supp. 1186, 1193 (S.D.N.Y.1986) (Conner, J.) ("Rule 9(b) extends to all averments of fraud or mistake, whatever may be the theory of legal duty-statutory, common law, tort, contractual, or fiduciary"); *Abercrombie v. Andrew Coll.*, 438 F.Supp.2d 243, 274 (S.D.N.Y.2006) (Karas, J.)

*8 Minor's breach of fiduciary duty claim is based on fraud. He alleges that Sotheby's "intentionally and in bad faith concealed from ... Minor its economic interests in the Peaceable Kingdom and Carriage in Winter," that "[b]ut for the breaches of fiduciary duty by Sotheby's, [he] would not have purchased" those works, and that he "has been injured by the wrongful conduct of Sotheby's" (Am. Answer ¶¶ 73-75). Elsewhere in the proposed amended answer, Minor characterizes Sotheby's omissions as materially misleading (Am. Answer ¶¶ 43-44, 60) and alleges that Sotheby's concealed its interest "in order to induce" him to purchase the paintings (Am. Answer ¶¶ 47, 62). These allega-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 3444887 (S.D.N.Y.)
(Cite as: 2009 WL 3444887 (S.D.N.Y.))

tions are "averments of fraud" and therefore the particularity requirements of Rule 9(b) apply to Minor's breach of fiduciary duty claim. *See Wall v. CSX Transp., Inc.,* 471 F.3d 410, 415-16 (2d Cir.2006), *citing Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.,* 98 F.3d 13, 19 (2d Cir.1996) (elements of a fraud claim are: "(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance.").

Sotheby's argues that Minor's breach of fiduciary duty claim is futile because it contains only conclusory allegations of injury and causation. As explained above, the allegations in the proposed counterclaim do not support an inference of any connection between Sotheby's conduct and any actual or potential damage to either Minor or the public. As such, Minor has not alleged injury or causation with particularity. Moreover, because Minor pleads no facts to support an inference that Sotheby's security interest affected the value of the paintings, he fails to identify how Sotheby's failure to disclose this interest was material. *See Moore v. PaineWebber, Inc.,* 189 F.3d 165, 170 (2d Cir.1999) ("[a] misrepresentation is material to a fraud claim only if it is the type of misrepresentation likely to be deemed significant to a reasonable person considering whether to enter into the transaction").

Thus, because Minor's breach of fiduciary duty claim does not allege injury or causation with particularity or identify why Sotheby's conduct was material, it does not comply with the requirements of Rule 9(b). *See DeBlasio v. Merrill Lynch & Co., Inc.,* 07 Civ. 318(RJS), 2009 WL 2242605 at *14 (S.D.N.Y. July 27, 2009) (Sullivan, J.) (fiduciary duty claim based on fraud did not comply with Rule 9(b) because "allegations regarding why the statements were materially misleading [were] deficient."); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.,* 02 Civ. 8472(JFK), 2008 WL 2594819 at *10 (S.D.N.Y. June 26, 2008) (Keenan, J.) (in breach of fiduciary duty claim based on fraud, "plaintiffs cannot rest on their say-so that these statements are fraudulent; they must explain why"); *GMA Accessories, Inc. v. Idea Nuova, Inc..,* 157 F.Supp.2d 234, 243 (S.D.N.Y.2000) (Chin, J.) (dismissing fraud claim where plaintiff "failed to plead how it was injured as a result of [the] allegedly false statement"); *In re Glenayre Tech., Inc. Sec. Litig.,* 982 F.Supp. 294, 297 (S.D.N.Y.1997) (Baer, J.), *abrogated on other grounds by Novak v. Kasaks,* 216 F.3d 300, 309-10 (2d Cir.2000) (complaint that "failed to allege facts indicating a causal link between [defendant's conduct] and any subsequent losses" did not comply with 9(b)); *Am. Mobile Commc'ns, Inc. v. Nationwide Cellular Serv., Inc.,* 91 Civ. 3587(LBS), 1992 WL 232058 at *6 (S.D.N.Y. Sept. 3, 1992) (Sand, J.) (dismissing fiduciary duty claim based on fraud that contained only a "conclusory accusation that [ ] sales were improper and injurious to [plaintiff]").

*9 Even if Minor's allegations complied with Rule 9(b), he fails to state a claim for breach of fiduciary duty because he does not adequately plead the existence of a fiduciary duty. "[A] fiduciary duty arises when one has reposed trust or confidence in the integrity or fidelity of another who thereby gains a resulting superiority of influence over the first, or when one assumes control and responsibility over another." *Texas Liquids Holdings, LLC v. Key Bank Nat. Ass'n,* 05 Civ. 5070(KMW), 2007 WL 950136 at *2 (S.D.N.Y. Mar. 27, 2007) (Wood, J.), *citing Reuben H. Donnelly Corp. v. Mark I Mktg. Corp.,* 893 F.Supp. 285, 289 (S.D.N.Y.1995) (Conner, J.). However, in arms length commercial transactions, "no relation of confidence or trust sufficient to find the existence of a fiduciary relationship will arise absent extraordinary circumstances ." *DeBlasio v. Merrill Lynch & Co., Inc., supra,* 2009 WL 2242605 at *28; *see Abercrombie v. Andrew Coll., supra,* 438 F.Supp.2d at 274, *citing Mid-Island Hosp., Inc. v. Empire Blue Cross & Blue Shield,* 276 F.3d 123, 130 (2d Cir.2002) ("[F]iduciary relationships typically do

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

not arise between parties engaging in arms length business transactions").

Although the fact-specific nature of a fiduciary relationship normally precludes courts from dismissing breach of fiduciary duty claims at the pleading stage, "the Court is not required to credit mere legal conclusions that are dressed up as factual allegations that a defendant was in a fiduciary relationship with a plaintiff." *World Wrestling Entm't, Inc. v. Jakks Pacific, Inc.*, 530 F.Supp.2d 486, 504 (S.D.N.Y.2007) (Karas, J.), citing *Ross v. FSG PrivatAir, Inc.*, 03 Civ. 7292(NRB), 2004 WL 1837366 at *1 n. 2 (S.D.N.Y. Aug. 17, 2004) (Buchwald, J.). Rather, in order to state a claim for breach of fiduciary duty under New York Law, a "plaintiff must set forth specific facts constituting the alleged relationship with sufficient particularity to enable the court to determine whether, if true, such facts could give rise to a fiduciary relationship." *World Wrestling Entm't, Inc. v. Jakks Pacific, Inc., supra*, 530 F.Supp.2d at 504.

In general, "an auction house acts as an agent on behalf of its consignors, not its bidders." *T.T. Exclusive Cars, Inc. v. Christie's Inc.*, 96 Civ. 1650(LMM), 1996 WL 737204 at *4 (S.D.N.Y. Dec. 4, 1996) (McKenna, J.); see *Mickle v. Christie's, Inc.*, 207 F.Supp.2d 237, 244 (S.D.N.Y.2002) (Marrero, J.); *Foxley v. Sotheby's Inc.*, 893 F.Supp. 1224, 1232 n. 11 (S.D.N.Y.1995) (Scheindlin, J.). Minor alleges, however, that "Sotheby's took on obligations beyond that of an independent auction house or traditional middleman when Ms. Mitchell became Mr. Minor's art consultant and purchasing agent" (Am. Answer ¶ 71). According to Minor, "Mitchell agreed to advise [him] about American art generally, and not just pieces auctioned by Sotheby's" (Am. Answer ¶ 7). In connection with this role, Mitchell allegedly responded to Minor's inquiries about certain pieces and suggested other pieces to him (Am. Answer ¶¶ 10-12). Minor further alleges that he "reposed trust and confidence in the integrity and fidelity of Ms. Mitchell and Sotheby's to provide him with honest advice" (Am. Answer ¶ 72). With respect to the The Peaceable Kingdom, Minor alleges that "Mitchell repeatedly praised the work and encouraged Mr. Minor to purchase it" (Am. Answer ¶ 12).

*10 These facts alone do not allege a fiduciary relationship. Rather, an agent who merely "evaluate[s] proposals and make[s] recommendations" does not owe a fiduciary duty. *Vill. On Canon v. Bankers Trust Co.*, 920 F.Supp. 520, 532-33 (S.D.N.Y.1996) (Koeltl, J.); see *World Wrestling Entm't, Inc. v. Jakks Pacific, Inc., supra*, 530 F.Supp.2d at 504-505; *Northeast Gen. Corp. v. Wellington Adver., Inc., supra*, 82 N.Y.2d at 164, 604 N.Y.S.2d at 4, 624 N.E.2d at 132. In this regard, "even allegations that a plaintiff relied on a defendant's expertise in a particular field are insufficient by themselves to survive dismissal." *World Wrestling Entm't, Inc. v. Jakks Pacific, Inc., supra*, 530 F.Supp.2d at 504, citing *Boley v. Pineloch Assocs., Ltd.*, 700 F.Supp. 673, 681 (S.D.N.Y.1988) (Walker, J.); see also *DeBlasio v. Merrill Lynch & Co., Inc., supra*, 2009 WL 2242605 at *28 ("mere assertions of 'trust and confidence' are insufficient to support a claim of a fiduciary relationship").

Minor also alleges that Mitchell "agreed to negotiate with dealers and sellers-irrespective of their relationship to Sotheby's-on Mr. Minor's behalf for the purchase of certain works" (Am. Answer ¶ 8). These facts, if true, would give rise to a fiduciary relationship with respect to these "certain works." *Ross v. FSG PrivatAir, Inc., supra*, 2004 WL 1837366 at *6, citing *Frydman & Co. v. Credit Suisse First Boston Corp.*, 272 A.D.2d 236, 237, 708 N.Y.S.2d 77, 79 (1st Dep't 2000) (allegations that party relied of the expertise of another who also negotiated on their behalf sufficient to allege a fiduciary relationship); see *World Wrestling Entm't, Inc. v. Jakks Pacific, Inc., supra*, 530 F.Supp.2d at 504; *Vill. On Canon v. Bankers Trust Co., supra*, 920 F.Supp. at 533. However, an agent owes a fiduciary duty "only with respect to matters within the scope of his agency." *Mickle v. Christie's, Inc., supra*, 207 F.Supp.2d at 245, citing *Restatement*

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

*(Second) of Agency* § 13; *see Steinbeck v. McIntosh & Otis, Inc.*, 04 Civ. 5497(GBD), 2009 WL 928189 at *8 (S.D.N.Y. Mar. 31, 2009) (Daniels, J.), *citing Restatement (Third) of Agency* § 8.01 ("[a]n agent's fiduciary duties to the principal vary depending on the parties' agreement and the scope of the parties' relationship."). With respect to the two works of art at issue here, Minor does not allege that Mitchell negotiated on his behalf. In fact, because there is no dispute that both pieces were bought at auction, the facts do not support a conclusion that the paintings were purchased through any negotiation process. Therefore, to the extent that Minor alleges the existence of a fiduciary duty at all, he has not alleged that such a duty extended to the sale of the Peaceable Kingdom or Carriage in Winter.

Minor's allegation that Mitchell made his telephone bid for the Peaceable Kingdom bid "on his behalf" (Am. Answer ¶ 18) does not change this result. Minor does not allege any facts to suggest that Mitchell was doing anything other than performing her duties as Sotheby's' agent when she relayed Mr. Minor's telephonic bid. *Cf. T.T. Exclusive Cars, Inc. v. Christie's Inc., supra,* 1996 WL 737204 at *4 (finding no facts showing that auction house owed plaintiff a fiduciary duty in case where plaintiff made a bid over the telephone). Thus, Minor does not properly allege the existence of a fiduciary relationship and therefore, amending his answer to include a counterclaim for breach of fiduciary duty would be futile.

C. *Undue Delay, Prejudice, and Bad Faith*

*11 Sotheby's also opposes the proposed counterclaims on the grounds of undue delay, prejudice, and bad faith. Because I find that the proposed counterclais would be futile, I do not address plaintiff's other arguments.

IV. *Conclusion*

Accordingly, for all the foregoing reasons, defendant Halsey Minor's motion for leave to file an amended answer, counterclaims and jury demand (Docket Item 30) is denied to the extent he seeks to assert claims for breach of fidicuary duty and violation of New York General Business Law Section 349 and granted in all other respects.

S.D.N.Y.,2009.
Sotheby's, Inc. v. Minor
Slip Copy, 2009 WL 3444887 (S.D.N.Y.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.